## DIAS vs. MERLE.

After the complainant has filed a replication and obtained a decree for a reference to a master to take and state an account, he cannot file a supplemental bill, for the purpose of setting up new matters which were known to him previous to the filing of the replication and obtaining the order of reference.

Where no occurrence has taken place to change the rights of the parties subsequent to the commencement of the suit, the complainant cannot, after the cause is at issue, file a supplemental bill for the mere purpose of putting in issue new matters, which might have been introduced into the original bill by way of amendment, although the new facts were not known to the complainant until after the cause was at issue on the original bill. The proper course for the complainant, where the proofs have not yet been taken, is to apply for leave to withdraw his replication and to amend.

A supplemental bill, in the nature of a bill of discovery in aid of the original suit, may be filed after the cause is at issue, where the new facts were not known to the complainant at the time of filing his replication.

Where a mortgagee in possession makes an absolute sale and conveyance of the mortgaged premises, the purchaser must be made a party to a bill filed against the mortgagee for the redemption of the premises.

THIS was an application, for an injunction and for a receiver, founded upon the supplemental bill in this cause and up- August 20.

on a petition of the complainant. The original bill was for the settlement of a partnership account between the complainant J. L. Dias, and G. Merle and L. Asbury, the defendants in the original suit. The complainant in that bill also claimed the benefit of a lease which the defendant Merle had obtained, of the store and lot No. 138, Pearl street, in the city of New-York, in his own name ; on the ground that it was a part of the partnership property. Dias also alleged in his bill that he was the owner of the store and lot in Pearl street, in 1810, by purchase ; that he had afterwards convey-ed the same to L. P. Mauran by an absolute deed ; but which deed was intended merely as a mortgage to secure the pay-ment of the balance of a debt due to him from the complain-ant. The complainant also alleged that Mauran conveyed the premises to Bouchaud merely as a trustee, from whom Merle obtained the lease. The bill prayed for an account of the rents and profits of the premises, under the lease, and that the lease might be assigned to the complainant, or that it might be sold under the direction of the court. The de-fendants appeared and put in their answers to the com-plainant's bill ; and the defendant Merle, among other things, insisted that he took the lease on his own account and not for the benefit of the partnership. And that he had erect-ed a large store upon the premises at his own expense, and without any notice of the complainant's claim that the con-veyance to Mauran was intended only as a mortgage. Af-ter a replication to the answers of the defendants had been put in and a decretal order of reference had been made, the complainant filed a supplemental bill against Merle, one of the defendants, for the purpose of obtaining an injunction to restrain him from collecting the rents and profits of the lot and store in Pearl street, and from selling or assigning the lease, and for a receiver of the rents and profits of the prem-ises. The complainant, in this last bill, after reciting the proceedings in the original suit, charged, by way of supple-ment, that after the filing of the original bill, he filed another bill in this court against J. Caze and J. Richard, to whom Bouchaud, by direction of Mauran, had conveyed the premi-ses in Pearl street subject to the lease to Merle, for the pur-

pose of obtaining a decree against them for the redemption of the premises, upon the payment of what was justly due ; and that by the answer of Caze and Richard in the last mentioned suit, they admitted the complainant's rights in the premises and submitted to a redemption thereof. The complainant further charged by way of supplement, that the defendant Merle was in possession of the premises under the lease from Bouchaud, receiving the rents and profits thereof; and that he was insolvent. An order having been entered to show cause why an injunction should not be granted and a receiver appointed pursuant to the prayer of the supplemental bill, the defendant Merle put in his own affidavit, in which he stated that he was not a party to the bill filed against Caze and Richard for redemption, and that he was informed and believed that the principal charges and allegations in that bill were untrue. That the charges were also denied by the answers of the defendants in that suit ; who had, however, as a matter of favor to the complainant, consented to let him redeem the premises upon the payment of what was justly due to them. The defendant Merle also positively denied the allegation in the supplemental bill that he was insolvent, or in failing circumstances ; but, on the contrary, swore that he was in good business, and was worth more than thirty thousand dollars, over and above all his debts. This statement as to the property and solvency of the defendant was also supported by the affidavits of eight or ten respectable merchants, and business men, who were well acquainted with his circumstances.

*M. Hoffman*, for the complainant.

*C. Graham*, for the defendant.

THE CHANCELLOR. The only possible foundation for the appointment of a receiver, or for an injunction to restrain the defendant from collecting the rents and profits of the lot and premises in Pearl street, is the allegation in the supplemental bill that he is insolvent. As the affidavits in opposition to the application show this allegation to be altogether false

1833.

Dias
v.
Merle.

and groundless, this part of the order to show cause must of course be discharged, without reference to any other matters alleged in the bill. Although the complainant has sworn positively that every matter, statement, allegation and charge contained in the bill filed by him against Caze and Richard is true of his own knowledge, many of the most material allegations in that bill are contradicted by the affidavit of Bouchaud, as well as by the answer of the defendants in that suit.

There appears to be no foundation whatever for the supplemental bill, in this stage of the suit; as no new fact has occurred, to change the rights of the parties, since the entering of the decretal order of reference. The conveyance to Caze and Richard was made more than eight months previous to the order for a reference; and if a supplemental bill was necessary, on account of the change of interest produced by that conveyance, it should have been filed before the complainant had taken so important a step in the cause. (*See Pendleton* v. *Fay, 3 Paige's Rep.* 204.) The commencement of the suit against Caze and Richard was a matter in which Merle had no interest, as he was not a party to that suit; and it involved no question which was necessarily connected with the original bill in this cause, for the settlement of the partnership transactions between Dias, Merle and Asbury. If the complainant, as one of the partners, consented to the taking of that lease on account of the partnership, and if the same is to be considered in equity as so taken, he is not entitled to redeem the term; but it must be disposed of and the proceeds distributed as a part of the partnership property. On the contrary, if the lease belongs to the defendant, subject to a right in the complainant to redeem, it is no way connected with the settlement of the partnership transactions, and ought not to be litigated in the same suit. To settle the partnership concerns, the copartners were proper parties; but Asbury has no interest in a suit for the redemption, if the lease did not belong to the partnership. And to authorize this court to decree a redemption, on the ground that this was a lease by a mortgagee of premises held only as a security by way of mortgage, it seems to be necessary that the lessor, or those who have

succeeded to his rights, should be parties as well as the les-
see. But those persons have no interest whatever in the set-
tlement of the partnership transactions. After an original
cause is at issue, the complainant may sometimes file a supp-
plemental bill, in the nature of a bill of discovery, for the pur-
pose of obtaining evidence in support of the matters put in is-
sue in the original suit, of which evidence he was not appris-
ed at the time of filing his replication. But that is strictly a
bill of discovery in aid of the original suit, and should not pray
relief. The complainant obtaining the discovery on such a
bill pays the defendant's costs, as in other bills for discovery
merely. The bill in such cases is in the nature of a supple-
mental suit for a discovery, rather than of a supplemental bill
in the original suit. Where no occurrence has taken place
to change the rights of the parties subsequent to the com-
mencement of the original suit, the complainant cannot, after
the cause is at issue, file a supplemental bill for the mere pur-
pose of putting in issue new facts, which might have been in-
troduced into the original bill by way of amendment; al-
though the supplemental bill alleges that the new facts were
not known to the complainant until after the cause was at is-
sue on the original bill. (*Colclough* v. *Evans*, 4 *Sim. Rep.* 76.)
The proper course for the complainant, where the proofs have
not yet been taken in the cause, is to apply to the court for
leave to withdraw the replication, and to amend the bill. In
the case now under consideration, if the bill is to be considered
as supplementary merely, it contains no equity whatever con-
necting itself with the litigation in the original suit relative to
the partnership transactions; and as an original bill for the
redemption of the premises, on the supposition that the lessor
held them merely as a security by way of mortgage, it is de-
fective for want of the proper parties. Where a mortgagee
in possession gives an absolute lease of the premises, reserv-
ing rent, he or his assigns must be made parties to a bill
for redemption against the lessee; so that the lessee may
be discharged from his covenants for the payment of rent, and
may also have a decree for his proportion of the redemption
money, to the extent of the value of his term over and a-
bove the rent reserved. The complainant may have a per-

fect right to redeem the premises, as against Mauran, or his assigns who have taken the same with notice of the complainant's rights as a mortgagor, and yet may have no claim against this defendant, as a bona fide lessee without notice that the absolute deed was intended as a mortgage. (*Whittick* v. *Kane*, 1 *Paige's Rep.* 202.)

As the supplemental bill in this case is defective both in form and substance, and is contradicted as to the facts charged therein, so far at least as this defendant is concerned, the order to show cause why an injunction should not be granted, and a receiver appointed, must be discharged, with costs.