Pardee, Circuit Judge,
(after stating the facts.) The bill of review in this case is brought for alleged error of law appearing on the face of the decree. To sustain the bill—
“The decree complained of must be contrary to some statutory enactment, or some principle or rule of law or equity recognized or acknowledged, or settled by decision, or be at variance with the forms or practice of the court; but the bill cannot be maintained where the error is in mere matter of form, or the propriety of the decree is questioned.” Daniell, Ch. Pr. § 1576.
“In regard to errors of law apparent upon the face of the decree, the established doctrine is tiiat you cannot look into the evidence of the case in order to show the decree to be erroneous in its statement of the facts. But taking the facts to be as they are stated to be on the face of the decree, you must show that the court has erred in point of law. * * * In the courts of theUnited States the decree usually contains a mere reference to the antecedent proceedings without embodying them. But for the purpose of examining all errors of law, the bill, answers, and other proceedings are, in our practice, as much a part of the record before the court as the decree itself; for it is only by a comparison with the former that the correctness of the latter can be ascertained.” Story, Eq. Pl. 407.
These propositions are well settled. Whiting v. Bank, 13 Pet. 6; Putnam v. Day, 22 Wall. 60; Buffington v. Harvey, 95 U. S. 99; Thompson v. Maxwell, Id. 397; Beard v. Burts, Id. 434; Shelton v. Van Kleeck, 106 U. S. 532, 1 Sup. Ct. Rep. 491; Bridge Co. v. Hatch, 125 U. S. 7, 8 Sup. Ct. Rep. 811.
In the present case the error alleged as apparent upon the face of the decree in the principal suit is the failure of the court to give due effect to an alleged plea of res adjudicata contained in the answer of Mrs. Freeman to the supplemental bill. Said answer also contained a demurrer to the supplemental bill on the ground that the collection by Mrs. Freeman from the complainant of rents of her dower estate was a matter purely personal to herself and the complainant, and could not be introduced into an accounting of the partnership matters between G. I. Field and D. I. Field. The answer of Mrs. Freeman was treated by the complainants as a plea, and was duly set down for sufficiency. About 18 months thereafter, as appears by the record, counsel, to avoid delay, agreed that the said answer was to be taken as such, and considered as if excepted to; the agreement providing that if the exceptions of complainant thereto and the demurrer filed to the supplemental bill should be overruled, the case might be disposed of finally, complainants being allowed to file exceptions to *8 said answer nunc pro tunc. And, on the other hand, it was agreed that, if the demurrer should be sustained, the proper order-should be made dismissing the supplemental bill, with or without prejudice, as the court should determine. After the said agreement no further notice of the said supplemental bill and answer thereto seems to have been taken by either the parties or the court until the decree of June 1,1888, referring the cause to a master to take an account, in which decree it was provided as follows:
“All other matters arising in the case as to the claim of complainant against the defendant Lucy C. Freeman, growing out of the payment to her by the complainant of the amount of the decree heretofore rendered in her favor by this court, and the disposition to be made of the rental accruing on the dower interest of the said Lucy C. Freeman since her occupation of the said plantation, and otherwise arising in the cause, are reserved to the final hearing; but in taking the account the commissioner will ascertain and report to the court the rental value of the dower in said plantation occupied by the said Lucy C. Freeman from the time she was let into possession, and the arrearages of rental asserted by her, and for which a recovery was heretofore had; and in making his report to the court, he will ascertain the amount of rent duly chargeable against the complainant for the use of the entire plantation, as well as the amount due on account of the rental value of the dower allotted to the said Lucy 0. Freeman, to the end that the court by a proper decree in the premises may dispose of the whole controversy.”
this interlocutory decree no exceptions were taken. In reporting to the court, the master charged Mrs. Freeman with the amount collected from Mrs. Clay, in 1884, as rents of the dower estate, with interest thereon to January 1, 1889, which amount was afterwards made the basis of the decree rendered against Mrs. Freeman in the principal suit.
It is to be noticed that, although Mrs. Freeman filed other exceptions to the master’s report, she made no exception to the master’s report holding her to account for the amount of the decree collected by her from Mrs. Clay.
The supplemental bill of complainants sets forth the prosecution of the suit by Mrs. Freeman for rent of dower estate, pending the appeal in the main case to the supreme court, the recovery of a decree therein, and the payment by the complainants of the amount of the decree, and its prayer was for the restitution of the money so alleged to have been wrongfully collected in said case. Mrs. Freeman’s answer to the supplemental bill sets forth the same state of facts, averring, in addition thereto, the single fact, apparent upon the face of the record in the main case, that the court, in passing upon the demurrers in the main case, had offered to retain the bill for the purpose of stating the account between the complainant and respondent, and that the complainant had deliberately elected not to have said bill so retained; thereby, it is alleged, consenting to its dismissal, so far as an account with Mrs. Freeman was concerned. It seems clear, therefore, that the said supplemental bill and the answer thereto raised no issue of fact between the complainant and defendant. Th'e issue was one solely of law, and that was as to the effect to be given to the enforced payment of the rents of the dower estate, pending the ap *9 peal of the main case. The court apparently disposed of this branch of the case on the supplemental bill and answer thereto, disregarding exceptions and demurrer, and the conclusion, as expressed in the decree of the court, was to the effect that those rents were unjustly collected, and should be returned by Mrs. Freeman, Was this conclusion an error of law? Complainants’ original bill was for the express purpose of enjoining a further prosecution of Mrs. Freeman’s suit against Mrs. Clay for the collection of rents of the dower estate, as well as for enjoining the further prosecution of the ejectment suit brought by David I. Field, Jr., as heir at law for one half of the Content plantation, until an account and settlement could be made of the partnership debts due by David I. Field & Co. to the estate of Christopher I. Field. The court sustained the demurrers of both Mrs. Freeman and David I. Field, Jr., to the said bill, and dismissed the suit, and an appeal was allowed in open court from such decree. It seems to be of little moment that the court offered to the complainants some other decree, which was refused. The decree that was rendered was one sustaining the demurrers and dismissing the bill.
The record shows that an appeal was prayed for and allowed in open court, and that said appeal was afterwards perfected in vacation by giving the required bond, and by issuing citation directed to both parties, which citation appears, by the record, to have been served upon Frank Johnston, Esq., as attorney of record of the appellees, Lucy C. Freeman and David I. Field, Jr. By the record, then, Mrs. Freeman was a party to the appeal, and the question of law raised by the supplemental bill and answer was this: Where, pending the appeal to the supreme court from a decree dismissing the bill brought to enjoin the prosecution of Mrs. Freeman’s suit to recover rent of the dower estate and for an accounting, Mrs. Freeman had nevertheless prosecuted her suit for rent to final decree, and collected the same, whether the decree so obtained shall be considered as conclusive of the rights of the parties in the further prosecution of the suit for an accounting after the supreme court has reversed the decree dismissing the bill, and remanded the cause to be further proceeded with according to law. It is true that in the bill of review Mrs. Freeman alleges that she was not a party to the appeal in the main case, because, she says, no citation was ever served upon her, or upon any agent or attorney of hers; and that she never made any appearance in the supreme court. She failed, however, to assert such fact in her answer to the supplemental bill, or in any other pleading filed by her, in the main case; and, as said above, she made no exception whatever to the interlocutory decree directing the master to report with regard to the rents of the dower estate, nor to that part of the master’s report which charges her with the rents collected pending the appeal. It may be further noticed that the suit of Mrs. Clay against Mrs. Freeman and David I. Field, Jr., was mainly directed to an accounting of the rents of the partnership property, which included the dower estate claimed by Mrs. Freeman; and it would seem that in such an accounting, where each party was required to account for the rents collected, *10 it would make but little difference whether the rents received were collected voluntarily or by process of law.
It would seem, therefore, that the court was right in assuming that Mrs. Freeman was a party to the appeal, and in concluding that the decree she obtained against Mrs. Clay, pending such appeal, for rents of the dower estate, was not conclusive of the rights of the parties. It also seems to us from an inspection of the record that this bill of review is without equity. On the facts stated in the original bill, filed in 1882 by Mrs. Clay and Brutus J. Clay against Mrs. Freeman and D. I. Field, Jr., it is clear that neither D. I. Field, Jr., as heir at law, nor Mrs. Lucy C. Freeman, as the widow of David I. Field, Sr., was entitled to any rents of the partnership plantation and property until after the partnership debts due Christopher I. Field were paid and settled. This was the decision of the supreme court in the case as reported in 118 U. S. 97, 6 Sup. Ct. Hep. 964. Conceding the contention of Mrs. Freeman that she was no party to that suit on appeal, the law of the case is nevertheless good as a finding by the supreme court of the United States upon a given state of facts. As Mrs. Freeman was not entitled to collect rents of her dower estate prior to the payment of the partnership debts, it follows that the decree she obtained pending the proceedings on appeal, and the money she recovered thereunder, were inequitably recovered. In short, the record shows that, in the proceedings that have been pending for some years between the heirs of Christopher I. Field, on the one side, and the widow and heirs of David I. Field, on the other, Mrs. Freeman has obtained from Mrs. Clay the sum of $2,215, which she had no right to, and which she, contrary to equity and good conscience, retains. The decree of the circuit court is affirmed, with costs.