# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

## CITY OF OMAHA v. REDICK.

### (Circuit Court of Appeals, Eighth Circuit. July 16, 1894.)

### No. 405.

1. SUPPLEMENTAL BILL—WHEN ALLOWED.

A supplemental bill, in the nature of a bill of review, to obtain a modification of a decree on account of newly-discovered facts, cannot be entertained when it appears that the new facts or circumstances were well known to the complainant prior to the entry of the original decree.

2. SAME.

A bill was filed by R. to vacate a deed by which he had conveyed a strip of land to the city of O., on the ground that the deed had been executed by him under a mistake of fact. The original bill and answer disclosed that the city had improved the strip of land as a street, at great expense, before the original bill was filed. A decree was entered on the original bill which adjudged, in the alternative, that, unless the city paid into court the assessed value of the strip of land within 90 days, the deed therefor, executed by R., be canceled and annulled. At a subsequent term, the city not having paid the assessed value of the land, the complainant filed a supplemental bill with a view of obtaining such a modification of the decree as would compel the city to pay such assessed value. No fact or circumstance was stated in the supplemental bill, as ground for such modification of the decree, other than the fact that the complainant had no correct knowledge, at the date of the original decree, of the amount that had been expended by the city in converting the land into a street, and the further fact that he would be embarrassed by the intervention of property owners whose land abutted on the street, if he attempted to recover possession of the same. *Held*, (1) that the supplemental bill stated no facts entitling the court to modify its original decree; (2) that, if the sum of money expended by the city in converting the strip of land into a street had any bearing on the relief to which the complainant was entitled, he should have obtained information as to the amount of such expenditures before submitting to the original decree; (3) that if the original bill had been framed with a view of recovering a judgment for the value of the land, such as was asked by the supplemental bill, it would have stated a cause of action at law, and could not have been maintained in equity.

Appeal from the Circuit Court of the United States for the District of Nebraska.

Suit by John I. Redick against the city of Omaha. From a decree on a supplemental bill, respondent appeals. Reversed.

E. J. Cornish, for appellant.
William A. Redick, for appellee.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

THAYER, District Judge. This is an appeal from a decree entered on a supplemental bill of complaint which was filed after a decree had been rendered on the original bill. The single question presented by the appeal is whether the circuit court erred in allowing the supplemental bill to be filed, and in entertaining the same, and entering a decree thereon modifying the terms of the original decree. This question can be best answered by stating the substance of the original and supplemental bills, and the substance of the respective decrees which were rendered by the circuit court.

The original bill was filed by John I. Redick, the appellee, against the city of Omaha, the appellant, on the 27th day of January, 1890. The complainant averred that in the year 1875 he was the owner of one-half of lot No. 9, and all of lot No. 8, and the east half of lot No. 7, in Capitol addition to the city of Omaha; that in the month of November, 1876, he conveyed a strip of this land, 66 feet in width, to the city of Omaha, so as to divide the tract into two parcels, one of which lay on the east and one to the west of the strip so conveyed; that he was induced to make said conveyance by representations made to him by one Gibson that the city would convert said strip of land into a public street, and that the conveyance was made to enable the city to construct a street across the three lots of land so owned by the complainant; that the city failed to grade and open the street as he understood it had agreed to do, and that the complainant subsequently commenced a suit at law in the district court of Douglas county, Neb., to recover damages for the failure of the city to comply with its agreement; that the city prevailed in said action at law, upon the ground that it had not agreed to build the street in question, and that the deed executed as aforesaid by the complainant, although duly acknowledged and recorded, had never been delivered to or accepted by the city. The bill further averred that after the termination of said suit at law the complainant had waited for six or seven years before instituting further proceedings, trusting and relying upon the good faith of said city, and believing that it would eventually construct a street upon the strip of land that had been conveyed to it by the complainant for that purpose; that the city did not in fact take any steps in that direction, or open said street and render it passable as such, until about the year 1886. The bill further averred that the strip of land conveyed to the city was worth the sum of $3,000 in the year 1876, and that it was worth at least $20,000 at the time the bill was filed. The complainant thereupon prayed that the court would decree that the conveyance to the city was made under a misapprehension and mistake of fact, and without

consideration; that the deed had never been delivered to or accepted by the city of Omaha; and that the conveyance in question might be set aside and held for naught, as a cloud upon the complainant's title. The complainant further prayed that, if the court should find that the deed had in point of fact been delivered to and accepted by the city, it might be decreed and adjudged by the court that the city either reconvey the land to the complainant, or pay him the value thereof, together with interest. The city filed an answer to said original bill, in which it admitted the execution and delivery to the city of the deed dated November 21, 1876. It averred the truth to be, however, that the said deed was executed and delivered to the city of Omaha as an inducement to it to improve the strip of land as a street for public travel; that the delivery thereof was entirely unconditional, and was not predicated upon any agreement by the city to open or build the street at any particular time, or at an earlier date than its judgment might dictate. The defendant further averred that long prior to the filing of the bill of complaint the city had in fact constructed a street upon the strip of land in question, and had done so at great cost and expense to the taxpayers of the city. Testimony was taken on the issues thus raised by the bill, answer, and replication, and a final decree was entered in favor of the complainant on the 8th day of January, 1892.

In its decree upon the original bill the circuit court found that the complainant was the owner of the strip of land in question; that it was worth $2,500 on the 21st day of November, 1876; and that when the city took possession of it, and improved it for street purposes, it was reasonably worth the sum of $6,000. The court also found that the complainant was entitled to be paid the value of said land as of the day when the city took possession thereof; that he was further entitled to have the deed of November 21, 1876, canceled and annulled. It thereupon "ordered, adjudged, and decreed that unless the respondent paid into court for the use of the complainant, within ninety days from the entry of the decree, the sum of six thousand dollars, and interest at the rate of 7 per cent. per annum, from January 1, 1887, the deed of November 21, 1876, be canceled, annulled, and set aside." At a subsequent term, to wit, on the 25th day of November, 1892, the complainant tendered, and was allowed to file, a supplemental bill of complaint. The supplemental bill contained a statement of the various proceedings that had theretofore been taken in the case. Attached to the supplemental complaint, as an exhibit, was a copy of the decree that had been rendered on the original complaint. The fourth and fifth paragraphs of the supplemental bill contain a statement of all of the grounds upon which the complainant predicated his right to file same. The fourth paragraph was as follows:

"Your orator further represents that said decree was unskillfully drawn, and did not dispose of, adequately, the issues in said cause, or settle the equitable rights of the parties. While it is true that the decree provided, among other things, that the deed made to said city by complainant in 1876 should be set aside and held for naught in the event that the said city should fail to pay the complainant the condemnation value found by said court of

the property in question at the time mentioned in the decree, yet it left to your orator nothing but the right of possession, which relief is wholly inadequate and incomplete, and inequitable both to your orator and to the respondent. And your orator alleges, as a reason why said decree is defective and inequitable to both parties, that after the respondent took possession of said property, in the latter part of the year 1886, it immediately commenced and graded down said land, and the whole thereof, from six to twenty feet, and prepared to and did pave the street over the entire surface of said property, * * * making a complete pavement, * * * and, before doing such paving, made a sewer through the center of said street, through the whole length of said property, * * * all of which cost the said respondent from sixteen to twenty thousand dollars, the greater part of which was assessed against the property abutting on said street And your orator alleges that while the answer in the original suit discloses the fact that said property had been paved, guttered, and otherwise improved, this respondent had no correct knowledge of the nature, character, and value of said improvements until long after said decree had been rendered, and never knew until quite lately that the cost of said improvement amounted to so large a sum."

The fifth paragraph of the supplemental bill alleged in substance that the city of Omaha had not paid the value of the land, as assessed in the original decree, but had failed to do so, and that, if the complainant attempted to recover possession of the property by a suit in ejectment, he would be embarrassed in such proceeding by the intervention of property owners whose lots abutted upon said street. The complainant accordingly prayed that a supplemental decree might be entered, which should direct and require the city to pay into court, for the use of complainant, the sum of $6,000, and interest at the rate of 7 per cent. from January 1, 1887, and that in default of making such payment a judgment might be entered against the city for that amount. Thereafter, on the 5th day of December, 1892, the city of Omaha entered a special appearance, and filed a motion to strike the supplemental complaint from the files upon the ground that it was not a supplemental bill, and that the court had no jurisdiction to entertain the same at that time. This motion was overruled, whereupon, on the 31st day of January, 1893, the city demurred to the supplemental pleading upon the ground that the pretended supplemental bill was in no sense a pleading of that character, also upon the ground that the court had no jurisdiction to entertain said bill, and also upon the ground that it appeared from said supplemental bill that the court had no jurisdiction in equity to grant the relief prayed for, because the complainant had an adequate remedy at law. The case was thereafter submitted to the court upon the supplemental bill of complaint and the demurrer thereto. On the succeeding 22d day of December, 1893, the court rendered a decree in favor of the complainant upon his supplemental bill, granting him the relief therein prayed for. By the terms of this latter decree the complainant was required, within 20 days thereafter, to deposit with the clerk of the circuit court, for the benefit of the respondent, a deed transferring to the respondent all of the complainant's interest in and to the strip of land heretofore referred to and described in the original decree. A judgment was also entered in favor of the complainant and against the city for the sum of $8,870,

and the costs of the suit up to the date of filing the supplemental bill.

In view of the foregoing statement of the contents of the original and supplemental bills, it is difficult to discover any substantial ground upon which the last decree rendered in the case can be sustained. The supplemental bill appears to have been nothing more nor less than an application addressed to the circuit court to modify its original decree in a material respect, after the term had elapsed, without suggesting any additional facts or circumstances as the basis for such judicial action. It is manifest from an inspection of the original bill and the answer thereto that when the first decree was entered, on January 8, 1892, the record disclosed every material fact pertinent to the case which is alleged in the supplemental complaint as a reason for filing the same and for invoking further action. The original bill and answer showed that the city had improved the strip of land in controversy, as a street, at great cost and expense, as early as 1885 or 1886, and that it was then being used as one of the public thoroughfares of the city of Omaha. It is not contended that the complainant was ignorant of that fact when the original bill was filed, nor that he has since become aware of any fact or circumstance, or that anything has since transpired, which, if known at the date of the entry of the first decree, would have led to any modification of its terms. The supplemental bill does indeed allege that the complainant "had no correct knowledge of the nature, character, or value of the improvements until long after the first decree had been rendered, and never knew until quite lately that the cost of said improvement amounted to so large a sum." But this is irrelevant and immaterial matter, for, beyond all question, it was the duty of the complainant to have sought information on this subject, if the nature and cost of the improvements in question had any material bearing upon the form of the decree or kind of relief to which he considered himself to be entitled. In short, we have found it impossible to escape the conviction that the original decree was carefully and intelligently drawn, with a view of keeping within the purview of the original bill, and of affording to the complainant all of the relief that was fairly warranted by the allegations of the original complaint. The first pleading was, without doubt, a bill to obtain the cancellation of the deed of November 21, 1876, on the ground that it had been executed and placed on record by mistake, where it operated as a cloud upon the complainant's title. The complainant did not allege that the city was under a legal obligation to pay him for the strip of land in question, whether it desired to do so or not, and he did not ask for a judgment against the city unless it should elect to take the land and pay for it. His original bill was not framed with a view of recovering a judgment against the city for the value of the land upon the theory that the city had wrongfully converted the same to its own use. Counsel who drew the original complaint doubtless understood that, if it was so framed, they would be confronted with the obvious objection thereto that the proceeding could not be maintained in a court of equity. In the light of these

considerations, we think it obvious that there is no basis for the charge contained in the supplemental bill that "the decree was unskillfully drawn, and did not adequately dispose of the issues in the case." We are of the opinion that the original decree was drawn in strict conformity with the allegations of the original bill, and that it granted to the complainant the full measure of relief which he desired at that time to obtain.

It remains to be considered whether, upon the authorities, a supplemental bill, in the nature of a bill of review to obtain a modification of a decree, can be properly entertained, which discloses no facts pertinent to the litigation and to the issues involved therein, except such as were well known to the complainant prior to the first decree. A leading case on that point is Pendleton v. Fay, 3 Paige, 204, where it was held that a supplemental bill ought to be filed as soon as the new matter sought to be inserted therein is discovered, and that, if a party proceeds to a decree after the discovery of the facts upon which the new right or claim is founded, he will not be permitted afterwards to file a supplemental bill, in the nature of a bill of review, founded on such facts. The same doctrine was reaffirmed by Chancellor Walworth in Dias v. Merle, 4 Paige, 259, and was stated and applied on the circuit, by Judge Caldwell, in Henry v. Insurance Co., 45 Fed. 299, 303. The rule of practice in question is likewise approved by the leading text writers. Vide Story, Eq. Pl. § 338a; 1 Hoff. Ch. Pr. 398; 1 Barb. Ch. Pr. pp. 363, 364; Daniell, Ch. Pl. & Pr. p. 1581, note; Id. p. 1524, note 2; and Fost. Fed. Pr. § 188.

Our conclusion is, therefore, that the question stated at the outset of this opinion should be answered in the affirmative. We are of the opinion that the supplemental bill, so termed, should not have been entertained by the circuit court, because it stated no facts or circumstances bearing upon the relief sought, except such as were well known to the complainant at the date of the entry of the original decree. We think that the supplemental pleading wholly failed to state a case which entitled the circuit court to modify its original decree after the same had been entered of record, and the term had lapsed. Entertaining these views, the case will be reversed, and remanded to the circuit court, with directions to set aside the decree entered on the supplemental bill on the 22d day of December, 1893, and to dismiss said bill at complainant's cost, but without prejudice to the complainant's right to bring an action at law to recover the value of the tract of land in controversy, if he shall so elect.