HILL et al. v. PHELPS et al.*

(Circuit Court of Appeals, Eighth Circuit. April 9, 1900.)

No. 1,292.

1. EQUITY—BILL OF REVIEW—GROUNDS.
There are but three grounds upon which a bill of review can be sustained: First, error of law apparent on the face of the decree and the pleadings and proceedings upon which it is based, exclusive of the evidence (and such error must consist of the violation of some statute or rule of law or equity, and not merely in matter of form or in the propriety of the decree); second, new matter which has arisen since the decree; and, third, newly-discovered evidence, which could not have been found and produced, by the use of reasonable diligence, before the decree was rendered.

2. SAME.
A court of equity is not required to go beyond what is necessary to secure to the complainant the relief to which he shows himself entitled in the suit, and a complainant cannot, by a bill of review, assail a decree which enforces payment of the only claim he presented to the court because it did not make further adjudications or grant further relief.

3. SAME.
Complainants filed a bill in equity, the purpose of which was to obtain payment of a judgment against one of the defendants, upon which execution had been returned nulla bona. They prayed that another defendant be decreed jointly liable for the debt, and also that a conveyance of property by the judgment debtor to others of the defendants be set aside as fraudulent. The court held the second defendant liable for the debt, and decreed its payment by him, and, on the ground that such relief was adequate, refused to go further and set aside the conveyance. *Held*, the decree having been satisfied, that the fact that complainants held another judgment against the same defendant, as against which they also claimed the conveyance to be fraudulent, but which, although in existence, was not set up in their bill, did not entitle them to maintain a bill of review to secure a modification of the decree on the ground that it constituted an adjudication which barred a second suit to set aside such conveyance; and this whether or not such ground was well taken.

4. DECREE—ESTOPPEL TO REVIEW—ACCEPTANCE OF BENEFITS.
A party who has accepted the benefits of a decree is thereby estopped from reviewing it, or from escaping from its burdens.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

This is an appeal from an order which dismissed a bill of review upon demurrer. The bill was filed on April 20, 1898, and sought a modification of a decree of the court below rendered on December 22, 1897. The material facts it set forth were these: On July 3, 1894, J. M. Phelps and A. C. Phelps made their promissory note for $5,927.70 on account of a debt which they owed to the appellants. Afterwards A. C. Phelps made his individual note for this indebtedness, and induced the appellants, by false representations, to accept that note in lieu of the joint note. On June 3, 1896, the appellants obtained a judgment against A. C. Phelps upon this note for $6,881.25, and caused an execution to be issued thereon, which was returned nulla bona. Meanwhile A. C. Phelps, for the purpose of defrauding the appellants out of their debt, made to the appellee Adolph Sloan, as trustee, a deed of trust of his lands to secure an alleged indebtedness of $10,279.38 to the appellee the Lawrence County Bank, and alleged debts of $1,000 to each of the appellees F. G. Williams, Mary A. Lester, and J. M. Cook; and the bank, for the purpose of defrauding the appellants, of preventing them from collecting their debt, and of covering up the land, extended the time of payment of its claim of $10,279.38 for five years. Thereupon the appellants brought suit in the court below to

reinstate the joint note of A. C. Phelps and J. M. Phelps in place of the separate note of A. C. Phelps, and to set aside the trust deed; and on December 22, 1897, a decree was rendered in that suit to the effect that the joint note should be substituted for the separate note, and that J. M. Phelps should pay it. The evidence in that suit indicated that the deed of trust to secure the Lawrence County Bank was made to hinder and delay the collection of the appellants' debt, but the court declared that as J. M. Phelps was amply solvent, and the decree against him would be sufficient to enable the appellants to recover the debt, it would not carry the adjudication further than was necessary to attain the ends of justice, and for this reason it denied any further relief. The appellants prayed an appeal from this decree, but the appellees paid off the decree, so that they could not prosecute their appeal to a hearing. At the time of the execution of the trust deed, A. C. Phelps owed another debt to the appellants, upon which they recovered judgment on December 26, 1896, for $58,641.41. On June 18, 1897, $40,708.60 was paid on this judgment, and the balance has not been paid. The appellants allege that they could not include this latter judgment in their suit without making their bill multifarious, and that the decree refusing to set aside the deed of trust in that suit is a conclusive adjudication against them, and bars a new suit for that purpose upon their second judgment; and for this reason they pray that the decree of December 22, 1897, be so modified as to adjudge the trust deed to Adolph Sloan to have been fraudulent in so far as it undertook to secure the payment of the debt to the Lawrence County Bank; that the land described in that deed be sold, and the proceeds thereof, so far as the interest of the bank is concerned, be applied to the payment of the second debt to the appellants, or, if this relief cannot be granted, that the decree be so modified as to dismiss the suit in which it was rendered, without prejudice to the rights of the appellants to proceed against the bank and Sloan.

G. B. Rose (U. M. Rose and W. E. Hemingway, on the brief), for appellants.

H. S. Ponder, J. W. Phillips, Charles Coffin, John W. Blackwood, and J. E. Williams, for appellees.

Before CALDWELL and SANBORN, Circuit Judges, and ROGERS, District Judge.

SANBORN, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The purpose of a bill of review is to obtain a reversal or modification of a final decree. There are but three grounds upon which such a bill can be sustained. They are (1) error of law apparent on the face of the decree and the pleadings and proceedings upon which it is based, exclusive of the evidence; (2) new matter which has arisen since the decree; and (3) newly-discovered evidence, which could not have been found and produced, by the use of reasonable diligence, before the decree was rendered. No departure has ever been made from the rules applicable to such a bill, which were declared by Lord Chancellor Bacon, in the first of his ordinances in chancery, in these words:

"No decree shall be reversed, altered, or explained, being once under the great seal, but upon bill of review. And no bill of review shall be admitted, except it contain either error in law, appearing in the body of the decree, without further examination of matters in fact, or some new matter, which hath arisen in time after the decree, and not any new proof, which might have been used, when the decree was made. Nevertheless, upon new proof, that is come to life after the decree was made, which could not possibly have been used at the time when the decree passed, a bill of review may be grounded by the special license of the court, and not otherwise."

Beames, Orders Ch. 1; Story, Eq. Pl. § 404; 2 Daniel, Pl. & Prac. p. *1575; Kennedy v. Bank, 49 U. S. 586, 609, 12 L. Ed. 1209.

The error in law which will maintain a bill of review must consist of the violation of some statutory enactment, or of some recognized or established principle or rule of law or equity, or of the settled practice of the court. Error in matter of form or in the propriety of a decree, which is not contrary to any statute, rule of law, or to the settled practice of the court, is not sufficient to maintain a suit to review a final decree. Freeman v. Clay, 2 U. S. App. 254, 267, 2 C. C. A. 587, 593, 52 Fed. 1, 7; Hoffman v. Pearson, 8 U. S. App. 19, 38, 1 C. C. A. 535, 541, 50 Fed. 484, 490. Resort cannot be had to the evidence to discover this error of law. It must be apparent from the pleadings, proceedings, and decree, without a reference to the evidence, or it will not avail to sustain a bill of review. Whiting v. Bank, 13 Pet. 5, 14, 10 L. Ed. 33; Kennedy v. Bank, 49 U. S. 586, 609, 12 L. Ed. 1209; Putnam v. Day, 22 Wall. 60, 66, 22 L. Ed. 764; Buffington v. Harvey, 95 U. S. 99, 24 L. Ed. 381. The new matter which will authorize a review of a final decree must have arisen after its rendition. The newly-discovered evidence which may form the basis of such a review must be, not only evidence which was not known, but also such as could not, with reasonable diligence, have been found before the decree was made. City of Omaha v. Redick, 27 U. S. App. 204, 211, 11 C. C. A. 1, 6, 63 Fed. 1, 6; Dias v. Merle, 4 Paige, 259, 261; Henry v. Insurance Co. (C. C.) 45 Fed. 299, 303; Story, Eq. Pl. §§ 338a, 423; 1 Barb. Ch. Prac. 363, 364; 1 Hoff. Ch. Prac. 398; Fost. Fed. Prac. § 188, note 19.

The sole purpose of the original suit in equity in this case was to enforce the collection of the claim of the appellants for the $6,881.25 evidenced by their judgment of June 3, 1896. In order to accomplish this purpose, they asked that the court would reinstate the joint indebtedness of J. M. Phelps and A. C. Phelps in the place of the separate debt of A. C. Phelps, upon which that judgment was rendered, and that it would set aside the trust deed of the lands of Phelps to Sloan, which was made to secure the indebtedness of the Lawrence County Bank. The court granted all the relief necessary to effect the object of the suit. It substituted the joint debt for the separate debt, and adjudged that J. M. Phelps should pay it. He did so, and the entire purpose of that litigation had been served. The court refused to avoid the trust deed, because J. M. Phelps was solvent, and because the relief which it granted was ample, without more, to enforce the collection of the only claim which appeared in that suit. The bill of review seeks a modification of this decree on the sole ground that the failure of the court to grant this unnecessary relief may estop the appellants from avoiding this trust deed, and thereby enforcing the collection of their second claim, evidenced by their judgment of December 26, 1896, which was in existence during the entire pendency of their suit in equity upon their first claim, but which was neither pleaded, proved, nor presented to the court in any way in that suit. There may be some doubt whether or not the decree, as it stands, has the effect to estop the appellants from avoiding the trust deed, for fraud, in a suit brought upon their sec-

ond claim. While such a suit will be between the same parties and those in privity with the same parties named in the first suit, it will be upon a different cause of action, and the decree in the first suit will operate as an estoppel only upon the points and questions which were actually litigated and determined in it. Whether or not the fraudulent character of the trust deed, as against the second claim of the appellants, was actually raised, litigated, and determined in their suit in equity upon their first claim, may be the subject of pleading and proof. Board v. Sutliff, 38 C. C. A. 167, 97 Fed. 270, 274; Cromwell v. Sac Co., 94 U. S. 351, 352, 24 L. Ed. 195; Nesbit v. District, 144 U. S. 610, 618, 12 Sup. Ct. 746, 36 L. Ed. 562; Board v. Platt, 49 U. S. App. 216, 223, 25 C. C. A. 87, 91, 79 Fed. 567, 571.

Conceding, however, but not deciding, that the decree in the suit upon the first claim renders the question whether or not the trust deed should be avoided for fraud res adjudicata in a subsequent suit for that purpose on the second claim, no ground for review or modification of the decree is presented by the allegations of the bill before us. There was no error in law in that decree. It followed the pleadings, and determined all the issues which they presented. Whether or not it was warranted by the evidence, and whether or not the evidence authorized other or further relief, are questions that are not open for consideration here, because the error that will sustain a bill of review must be apparent upon the pleadings, the proceedings, and the decree, without reference to the evidence. There was no error in the failure of the court to grant more relief than the substitution of the joint debt for the separate debt, because it granted ample relief to accomplish the purpose of the suit, and because, in the absence of the evidence, which we cannot consider, it does not appear that the proofs would have sustained any other relief. One cannot successfully assail the decree of a court of chancery, which has procured him all the resulting benefit he sought, because the court did not make further adjudications and grant other relief, which were not necessary to the accomplishment of the purpose which he disclosed to the court. It is not error for a court of chancery, which grants sufficient relief to enable a complainant to reap all the fruits which he seeks by his litigation, to refuse to exercise all its powers and make other and unnecessary adjudications. The court granted relief which enforced the collection of the only claim which the complainants presented to it. They have received payment of that claim. They suffered nothing in that suit from the failure of the court to avoid the trust deed, because they could have obtained nothing more if it had done so. Courts of equity do not attempt to right wrongs at the suit of those who have suffered nothing from them, or to grant decrees that can give their suitors no relief. Darragh v. Manufacturing Co., 49 U. S. App. 1, 16, 23 C. C. A. 609, 618, 78 Fed. 7, 16. No error appears in the pleadings, proceedings, or decree on account of the fact that the latter may have the effect to estop the appellants from collecting their second claim, by avoiding the trust deed for fraud, because that claim was not pleaded, proved, or presented in the suit upon which the decree is based, and its existence was unknown to the court when it rendered

its decree. As the question of the effect of its decree upon this second claim was not presented to, considered or decided by, the court below when it entered its decree, it could not have erred upon that question. The bill of review discloses no error in law in the decree which it assails. Nor does the bill disclose any new matter or any newly-discovered evidence which will warrant the relief it seeks. The sole ground for that relief is that the decree of December 22, 1897, estops the appellants from enforcing the collection of their judgment of December 26, 1896, by an avoidance of the trust deed for fraud. But the debt upon which that judgment is founded existed during the entire pendency of the suit in equity upon the first claim of the appellants, and all the facts which condition the effect of the decree in that suit upon their second claim were as well known to the appellants at the time that decree was rendered as they ever have been since. Mr. Justice Story, at section 423 of his Equity Pleadings, says:

"If, therefore, the party proceeds to a decree after the discovery of the facts upon which the new claim is founded, he will not be permitted afterwards to file a supplemental bill in the nature of a bill of review, founded on those facts; for it was his own laches not to have brought them forward at an earlier stage of the cause."

The decree cannot be modified on account of new matter or newly-discovered evidence, because the matter set forth in the bill existed, and the evidence it pleads was known, before the decree was rendered.

There is another reason why the decree in this case cannot be reviewed. It is that the appellees have paid, and the appellants have accepted, the entire debt which the decree was rendered to enforce. One who accepts the benefits of a verdict, decree, or judgment is thereby estopped from reviewing it, or from escaping from its burdens. Albright v. Oyster, 19 U. S. App. 651, 9 C. C. A. 173, 60 Fed. 644; Chase v. Driver, 92 Fed. 780, 786, 34 C. C. A. 668, 674; Brigham City v. Toltec Ranch Co. (C. C. A.) 101 Fed. 85. The decree below is affirmed.