## LAVAGNINO v. PRALL et al.

(Court of Appeals of District of Columbia. Submitted March 9, 1922. Decided June 5, 1922.)

No. 3706.

1. **Equity ⬦445—Bill of review for apparent error or new evidence is maintainable after term at which decree was rendered.**

A bill of review is maintainable, after the term at which final decree was rendered, for error in the decree apparent on its face, and on account of newly discovered evidence material in character that could not have been earlier discovered by due diligence.

2. **Equity ⬦454—Bill of review for new evidence can only be filed with leave of court.**

When a bill of review is based on newly discovered evidence, it can only be filed by leave of court granted in its sound discretion, cautiously and sparingly exercised, and even if such evidence would change the decree, the court may refuse leave to file a bill, if it would be productive of mischief to innocent parties.

3. **Equity ⬦447(4)—Newly discovered evidence authorizing bill of review must be such as could not have been produced by diligence.**

The new evidence which entitles a party to file a bill for review of the final decree must be new, or else such as the party could not by diligence have known, and the failure to produce it, if it existed at the time of the decree, must be accounted for.

4. **Equity ⬦447(2, 3)—New evidence authorizing bill of review must be controlling, and not merely cumulative.**

The new evidence for which a bill of review can be granted must be controlling, not merely cumulative, impeaching, or only increasing doubt as to the real truth.

5. **Equity ⬦447(2)—New evidence for which review was sought held controlling.**

A bill to review a decree directing sale of the property for partition, which was based on alleged newly discovered evidence that a party adjudged to have an undivided one-fourth interest in remainder in the premises to be sold through devise from her husband had never been legally married to the man through whom she claimed the property, and that complainant in the bill of review was the sole heir, entitled to the re-

mainder, shows evidence which is controlling, and not in the nature of cumulative evidence.

6. **Equity ⬤⇒452—Facts held not to show laches by applicant for bill of review.**

    Where complainant, asking for review of a decree for sale for partition, was a minor when the partition suit was brought, and during a considerable portion of the time before and after her majority resided abroad, and relied on the other defendants to protect her interests in the partition suit, she was not guilty of laches in failing to discover before four years after her majority that one of the parties to whom an interest had been adjudged, which otherwise would go to complainant, had never been legally married to the man through whom she claimed such interest.

7. **Equity ⬤⇒452—Facts held not to require strict diligence to review decree not yet carried into effect.**

    Where the decree, in a suit for partition against which a bill of review had been filed, had been set aside on appeal as to all material matters except the order for the sale of the property, and that sale had not yet been made, so that no rights had been established under the decree, there is no necessity for a strict application of the rule of diligence in discovering the evidence on which the bill for review is based.

Appeal from the Supreme Court of the District of Columbia.

Bill of review by Gladys E. Knorr Lavagnino against Jennie M. Prall and others. From a decree dismissing the complaint, complainant appeals. Reversed and remanded.

Emma P. Knorr, of Washington, D. C., for appellant.

Charles V. Imlay and George W. Offutt, Jr., both of Washington, D. C., for appellees.

VAN ORSDEL, Associate Justice. Appellant, by leave of court, filed a bill of review in the Supreme Court of the District, to review and set aside certain decrees made in equity cause No. 24579.

The bill in that case was filed by Elizabeth C. Prall, March 31, 1904, against Jennie M. Prall, Annie M. Prall, Emma C. Knorr, Augustus Ernest Knorr, Gladys Ernestine Knorr, William E. Prall, Sr., Julia L. Prall, and Adolph A. Hoehling, Jr., to procure partition by sale of certain real estate situated in this city. It was averred in the bill, among other things, that William E. Prall, Sr., on May 17, 1872, conveyed the premises in question to his children, Jennie M., Annie M., Emma C., and William E. Prall, Jr., "for and during their natural life as tenants in common, with remainders to the children of said parties of the second part, their heirs and assigns, as tenants in common in fee simple."

As a basis for her action, Elizabeth C. Prall averred, among other things, that she was married to William E. Prall, Jr., and that the only child born to them was William E. Prall, 3d, who was born the 8th day of December, 1889; that he died on or about the 27th day of February, 1903, leaving as his only heir at law his father, William E. Prall, Jr.; that William E. Prall, Jr., a resident of the city, county, and state of New York, died on the 28th day of March, 1903, leaving a last will and testament by which he bequeathed all his property, real and personal, to his wife, the complainant, Elizabeth C. Prall.

Petitioner in the present action, then an infant, was served with process, and Annie M. Prall was appointed her guardian ad litem, and as such answered the bill. A number of orders were made in that proceeding, which need not be considered, since no sale or partition of the property was made.

On June 13, 1911, the complainant, Elizabeth C. Prall, filed an amended bill, in which she prayed that a decree entered under the original bill on January 9, 1906, "be set aside, and a new substitute and proper judicial partition decree by sale be passed, declaring and fixing the rights, titles, and interests, present and future, of your petitioner and the defendants herein, according to the provisions by the fixed terms of the aforesaid deed herein." A decree was entered in that case from which an appeal was taken to this court (Prall v. Prall, 39 App. D. C. 100), wherein the decree of the court below, fixing the interest of the complainant under the deed, was modified and affirmed.

In conformity with the mandate of this court, a decree was entered in the court below directing a sale of the property. No sale was made, and on November 25, 1919, Gladys E. Lavagnino, formerly Gladys E. Knorr, filed a petition "to establish interest and vacate order of sale." She averred, among other things, that neither she nor her guardian ad litem was served with process or notice under the amended bill of 1911, nor with notice of any of the various proceedings had thereunder. She accordingly prayed that all proceedings heretofore had be vacated and for nothing held, and for general relief.

The court entered a decree affirming the earlier decrees and orders depending thereon, except as to the sale of the property, and dismissing the petition, from which decree an appeal was taken to this court. 50 App. D. C. 252. The only question here presented was the failure of service upon the infant defendant when the amended bill of 1911 was filed. On this point, since no decree made during her infancy had been enforced or remained subject to enforcement, the decree of the court below was affirmed. The mandate was sent down April 18, 1921, and the present bill of review was filed May 10th following.

Petitioner in the present action alleges that the decrees in equity cause No. 24579 were based upon the assumption that Elizabeth C. Prall was entitled to one-fourth of the remainder of said real estate, the same having been devised to her by her husband, William E. Prall, Jr., who claimed to have inherited it from his son. In that action a certified transcript of the probate proceedings in New York was introduced, but there was no record of any citation having been issued citing the infant Gladys E. Knorr to appear, or the appointment of a guardian ad litem to represent her. In the present action, however, we are not concerned with the probate proceedings in New York, since all the court considered was the validity of the execution of the will. However important the regularity of the probate proceedings may become in the future destiny of this case, we need not stop to consider.

The petitioner in the bill of review alleges that there has not been a judicial finding that Elizabeth C. Prall is the widow of William E. Prall, Jr., except upon her bare allegation in the original proceeding to the effect that she took her right under the will of William E. Prall,

Jr., as devisee. Petitioner then avers that diligent search of all the records in New York, and the records of the minister alleged to have performed the marriage ceremony, failed to disclose that any marriage ceremony between Elizabeth C. Prall and William E. Prall, Jr., was ever performed, and that Elizabeth C. Prall is without right to share as a remainderman in said estate, and that this petitioner is the only heir to the full remainder of said estate.

She further avers that during most of the proceedings had under equity cause No. 24579, until the filing of her petition in November, 1919, she was an infant "and for some time out of the District of Columbia" during said period—

"and that the facts that refer to the alleged failure of proof of said marriage were not known to her at that time, nor did she then have the opportunity to present that issue to the court, by reason of the fact that her petition was then filed to vacate the entire proceedings upon the ground that the previous decrees had been passed without legal notice to her by reason of her infancy and proper protection of her rights by the court."

She prays that the decrees for the sale of the real estate in equity cause No. 24579 may be reviewed and reversed, and for other and further relief. From a decree dismissing the complaint, the case comes here by appeal.

[1-4] We will not stop to consider the date of the filing of the bill of review with relation to the dates of the decrees sought to be reviewed and set aside, since—

"the law is well settled that a bill of review is maintainable after the term of entry of final decree generally for two reasons: First, for error therein apparent upon its face; and, second, on account of newly discovered evidence, material in character, that could not earlier have been discovered with due diligence. Bank of U. S. v. Ritchie, 8 Pet. 128, 8 L. Ed. 890; Clark v. Killian, 103 U. S. 766, 26 L. Ed. 607; Osborne v. San Diego, etc., Co., 178 U. S. 22, 20 Sup. Ct. 860, 44 L. Ed. 961; Hill v. Phelps, 41 C. C. A. 569, 101 Fed. 650; Beard v. Burts, 95 U. S. 434, 24 L. Ed. 485. * * * When such bill of review is based upon newly discovered evidence, it can only be filed by leave of court in its sound discretion, cautiously and sparingly exercised; and, even if such evidence would change the decree, the court may refuse to reopen the decree, if productive of mischief to innocent parties. Thomas v. Harvie's Heirs, 10 Wheat. 151, 6 L. Ed. 287; Rubber Co. v. Goodyear, 9 Wall. 805, 19 L. Ed. 566; Ricker v. Powell, 100 U. S. 104, 25 L. Ed. 527; Craig v. Smith, 100 U. S. 226, 25 L. Ed. 577. The evidence must be new, or else such as the party could not by diligence have known. The failure to produce it, if existent at the time of decree, must be accounted for. It must be controlling, not merely cumulative, not mere impeachment of witnesses, or only increasing doubt as to the real truth. Beard v. Burts, 95 U. S. 434, 24 L. Ed. 485; Rubber Co. v. Goodyear, 9 Wall. 805, 19 L. Ed. 566; Easley v. Kellom, 14 Wall. 279, 20 L. Ed. 890; Freeman v. Clay, 2 C. C. A. 587-593, 52 Fed. 1; Southard v. Russell, 16 How. 569, 14 L. Ed. 1052; Society of Shakers v. Watson, 23 C. C. A. 263, 77 Fed. 512." Acord v. Western Pocahontas Corporation, 156 Fed. 989, 995.

[5] The asserted right of Elizabeth C. Prall to an interest in the property in question inherently depends upon her marriage with William E. Prall, Jr. If she fails to sustain this averment of the bill, her case falls, and petitioner, being the sole remainderman, would succeed to the entire estate. This fact is controlling. It is not in the nature of

cumulative evidence, or of impeachment, or of merely "increasing doubt as to the real truth."

[6] Petitioner was an infant at the time the original bill was filed and during the period that most of the proceedings were had under it. She did not become of age until 1916, and before and after that date spent much of her time abroad. Dependent as she had been, on account of her infancy, upon her codefendants, her immediate relations, to answer the bill and defend against it, it is not surprising that, relying upon their efforts, she failed to discover the evidence set out until four years after becoming of age. There is no ground, therefore, in this case for the application of any rule of laches.

[7] There is likewise nothing in this case calling for a strict application of the rule of diligence. The decrees entered under the original bill have not been carried into effect. Indeed, they have been vacated and set aside, in their material features, excepting the decree of May, 1921, directing the sale and partition of this property. The property is still intact, no intervening rights have accrued, there are no innocent parties whose rights will be affected; the life tenants, who were the special objects of the father's bounty, are still living, with the exception of William E. Prall, Jr., and no reason is apparent why equity should not furnish the relief sought in this case. At most it means but a short delay, and inasmuch as the newly discovered evidence goes to the root of complainant's right to an interest in this estate, we think the matter should be fully investigated.

To that end the court below is directed to grant the petition of review, vacate all orders made under the bill of 1904 and the amended bill of 1911, permit the complainant, Elizabeth C. Prall, or her committee, to make such amendment thereof as may be deemed advisable, and that the various defendants, including the petitioner, be permitted to answer as they may be advised, in order that the issue may be tried and determined, to the end that full and complete justice may be attained.

The decree is reversed, with costs, and the cause is remanded for further proceedings, not inconsistent with this opinion.