[No. 4,246.]

THOMAS S. MILLER v. GEORGE F. SHARP.

COMPLAINT IN PARTITION.—The complaint in partition must set forth specifically, so far as known to the plaintiff, the interests of all persons in the premises sought to be partitioned; and if the defendant has two deeds, each purporting to convey an undivided two thirds of the property, and one of them was given as a substitute for the other, that fact must be averred, and if not averred, the plaintiff cannot prove it.

APPEAL from the District Court, Third Judicial District, City and County of San Francisco.

The Court below found that the parties were tenants in common, in the proportion of, plaintiff one third and defendant two thirds, and made an interlocutory decree for a partition. The defendant appealed.

The other facts are stated in the opinion.

*G. F. & W. H. Sharp*, for the Appellant.

*P. B. Ladd*, for the Respondent.

By the COURT:

The statute concerning partition requires that the complaint should set forth the interests of all persons specifically and particularly, so far as known to the plaintiff. (Code Civ. Proc. Sec. 753.) Had the plaintiff observed this rule of pleading, he might have averred in his complaint that the second deed delivered by him was intended as a substitute for a former deed for the same interest, and which was supposed to have been lost; and that the two thirds

interest of the defendant was really derived only through the deed first delivered by the plaintiff. He, however, did not pursue this course, but set forth generally that the defendant and himself were tenants in common in fee of the premises, in the proportion of one third in himself and the remaining two thirds in the defendant. The defendant denied the alleged tenancy in common *in toto.*

On the trial, it having appeared that the entire estate had apparently vested in the defendant by reason of two several conveyances made to him by the plaintiff, each purporting to convey an undivided two thirds, the plaintiff was permitted, against the objection of the defendant, to show that the deed second in order of delivery was intended only as a substitute for the first, and not to convey any interest in the land additional to that vested by the first deed.

The objection should have been sustained. The statute concerning partition (Section 759) provides that the rights of the several parties, plaintiff as well as defendants, may be put in issue, tried, and determined, but it does not provide that rights such as these may be tried or determined without being put in issue.

Judgment reversed, without costs, and cause remanded for further proceedings. Remittitur forthwith.