WILLIAM HINTON *v.* SAMUEL H. WINSOR AND UINTA COAL AND MINING COMPANY.

PRACTICE : APPEAL.—Where the appellant filed a disclaimer in the district court to a bill to foreclose a mortgage, upon which no issue was joined, *Held*, that it was estopped, in the supreme court, from asserting interest, and having no interest its appeal could not give the court jurisdiction to vacate or modify the decree of the court below. And having no standing in this court to complain of the decree below, the appeal will be dismissed with costs.

APPEAL from the District Court of Uinta County.

William Hinton commenced this proceeding by filing a bill in the district court of Uinta county, March 15, 1875, to foreclose a mortgage on an undivided two-thirds of the N.$\frac{1}{2}$, of the N. W.$\frac{1}{4}$, and the N. W.$\frac{1}{4}$ of the N. E.$\frac{1}{4}$ of S. 8, P. 15, west of range 120, which mortgage was given by S. H. Winsor, owner of the property, to William Hinton, to secure the payment of $2,145. The defendants were Samuel H. Winsor and the Uinta Coal and Mining Company, which last named defendant, it was alleged, was sup-

posed to have or claim some interest in the property, by virtue of a conveyance from Winsor subsequent to the mortgage. Winsor never appeared to contest the case. The appellant did appear to dispute the jurisdiction of the court, and, being overruled on that point, filed a disclaimer denying that it had, or ever claimed to have, any interest in the property described in the bill, and made no further appearance. A rule was taken upon the appellant to answer, and on failure to comply with the rule was adjudged in default, and the case referred to the master, who took the testimony, reported the same, and thereupon the court made the decree against Winsor for the payment of money and the sale of the property, and a subsequent report to the court for further proceedings. The only interest that the court ascertained the appellant had in the premises, was, that it was in possession, and it was ordered to give the master possession, to enable him to carry out the directions of the decree. It does not appear from the record that the decree was ever carried into effect, or the appellant in any manner disturbed, though no supersedeas bond was ever filed.

Appellee moves to dismiss the case.

*H. Garbanati*, for appellant.

*W. W. Corlett*, *E. A. Thomas*, and *Johnson & Potter*, for appellee.

BLAIR, J. This suit comes to this court on appeal. The record before us for consideration, shows that on March 15th, 1877, William Hinton, the complainant in the court below, and appellee in this court, filed his bill of complaint in the district court of Uinta county, to foreclose a certain mortgage given by Samuel H. Winsor on certain property in the bill mentioned and described; said property lying and being in the county of Uinta; said mortgage having

been given by Winsor to secure the payment of the sum of $2,145, due from him to William Hinton.

Inasmuch as the Uinta Coal and Mining Company was supposed to have, or claim some interest in the mortgaged premises sought to be sold, to satisfy the said claim due from Winsor to Hinton, the said company was made a party defendant in the bill, and this appeal was taken in behalf of said company.

Hinton, by his solicitors, appears in this court, and moves to dismiss the appeal for the following reasons, to wit:

*First,* On the ground that there having been no final decree in the court below, there was nothing to appeal from.

*Second,* For the reason that by the disclaimer of the appellant, upon which no issue was joined, the appellants are estopped from asserting an interest now.

*Third,* That having no interest, the appeal gives this court no jurisdiction to vacate, alter or modify the judgment or decree of the court below.

*Fourth,* That the appellants have no standing in this court, to complain of the decree.

We have examined the record in this case, with a degree of patience and diligence, seldom equaled, but never excelled in the history of judicial tribunals, to find something of which the appellant might in equity complain; but all in vain. The appellant in the court below, appeared on the 12th day of January, 1878, and filed what it termed a plea to the complainant's bill, but which, as the court thinks, by every rule of equity must be regarded as an answer in the nature of a disclaimer. In its answer it solemnly avers "it has not, nor ever had, nor pretended to have, nor did it ever claim any right, title or interest whatever, in the land or any mining property of the said Samuel H. Winsor; and that the complainant had no right to institute this or any other suit against it, (the company) in respect thereof."

If that be so, and there is nothing in the record to cause the court for a moment to doubt its correctness, by what right, let us inquire, does it bring this suit here to be reviewed?

Inasmuch as no one can suffer any injury in a suit, except such person be interested in the subject matter in controversy, the appellant, at least, so far as this suit is concerned, was secure from all danger, present or remote. But for the argument of the solicitor for the appellant, the mystery that surrounded the bringing of this case for review, would have ever remained unsolved. The solicitor for the appellant revealed the fact, that the answer was only intended to disclaim any title, interest or claim to the mine in question, so far as derived through or from the said Samuel H. Winsor, of the State of Indiana, but it did claim title or possession of said mine of one said Samuel H. Winsor, who resided in Wyoming Territory at the time said mortgage was executed, and by whom it was signed. If such was the fact, why was it not so stated in the answer? It certainly was its duty to do so, and the failure in that respect closed the door against the right to demand that this court review the proceedings of the court below, for there is nothing in the record to show that the appellant had any interest in the subject matter for judicial investigation, nor does it appear that the appellant has any equitable right to complain that costs were not awarded it in the district court.

The entire costs of the suit were directed by the court to be paid out of the proceeds arising from the sale of the mortgaged mining property. It is therefore but reasonable to presume, that the appellant received its costs and its just dues.

For the foregoing reasons it is manifest, therefore, that this court is not called upon to consider the other questions sought to be raised.

The court are of opinion, that this appeal ought to be dismissed with costs.

Appeal dismissed.

Peck, J., dissenting.
VOL. II—14.