PALMER & CO. v. MERRILL ET AL.

1. **Mechanic's Lien:** ANSWER BY ALLEGED LIEN-HOLDER: APPEAL. In an action to foreclose a mechanic's lien, an alleged junior lien-holder (appellant herein) answered by only denying knowledge or information sufficient to form a belief, (Code, § 2665, par. 2,) and the principal defendant made default, and there was judgment and decree for plaintiff. *Held* that, as the effect of appellant's answer was to deny that it claimed a lien on the property, as was alleged in the petition, and as it did not show in its answer that it had any claim or lien, an appeal by it alone presented nothing for the determination of this court.

*Appeal from the Superior Court of Creston.*

THURSDAY, DECEMBER 9.

ACTION to enforce a mechanic's lien. There was a decree for plaintiffs. The defendant the Loan & Trust Company alone appeals.

*Higbee & Hanna,* for appellant.

*Gregory & Wicks,* for appellees.

BECK, J.—I. The petition alleges that plaintiffs furnished materials used by defendant Merrill in building certain houses upon lots described in the petition, which it is alleged were owned by him. The other allegations of the petition sufficiently show that plaintiffs are entitled to the relief claimed by them against Merrill. It is also alleged that the other defendant, the Creston Loan & Trust Company, have

or claim some lien on the property.   We find in the abstract no answer by Merrill, and presume he made default.   The Loan & Trust Company made no other answer than to aver that of the truth of the allegations of plaintiffs' petition it had no knowledge or information sufficient to form a belief. It alone appeals, and insists that the evidence fails to establish plaintiffs' claim against Merrill for the materials, his ownership of the property, and other facts entitling them to recovery.

II.    The Creston Loan & Trust Company does not, in its answer, set up any claim or lien to the property, or show any other facts that authorize it to resist plaintiffs' demand for a judgment.    Indeed, its interest in the property is not shown in any pleadings other than plaintiffs' petition.    All of the allegations of the petition are denied.    Its answer, which alleges want of knowledge and information of the facts pleaded in the petition, has the effect of a general denial thereof.    Code, § 2655, par. 2.    It does not show by the pleadings that it has any interest in the property.    In fact, it denies that it has.    It cannot, therefore, urge in this court that plaintiff failed to support its claim of a lien by proper proof.    Defendant Merrill does not complain of the judgment, not having appealed.    We are authorized to presume that he did not answer.    As plaintiff denies allegations of the petition to the effect that it sets up a claim to the property, and does not, in its answer, show that it holds any claim thereto, and, as Merrill does not appeal, there is nothing before us for determination.

The various papers presenting amendments to the abstract, and a motion to strike amendments, do not demand consideration.

The decree of the court below is

AFFIRMED.