GIDEON E. MYERS ET AL., APPELLEES, v. CATHERINE
  MAHONEY ET AL., APPELLANTS.

FILED JANUARY 2, 1895.    No. 6796.

Foreclosure: DECREE: EFFECT AS TO PARTIES DISCLAIMING. In
  an action to foreclose mortgages persons who were made defend-
  ants upon allegations charging them with being the owners of
  the equity of redemption, but against whom no personal relief
  was sought, cannot be heard to complain of a decree affecting
  merely the land when by their pleadings they have disclaimed
  all interest therein.

APPEAL from the district court of Dawes county.  Heard below before BARTOW, J.

*Spargur & Fisher*, for appellants.

*D. B. Jenckes*, *C. H. Bane*, and *W. W. Wood*, *contra.*

IRVINE, C.

The pleadings in this case are complicated and peculiar, the proceedings were for the most part unusual, the decree is difficult of construction.  The considerations which must control a review of the case are, however, simple.  The action was brought by Gideon E. Myers and Joseph E. Boone to foreclose a mortgage on lot 12, block 11, in the city of Chadron.  The defendants were Catherine Mahoney, Jeremiah Mahoney, Joseph Beatty, Charles E. Foster, the Western Farm Mortgage Company, the Mercantile Trust Company, and one Good.  The Western Farm Mortgage Company and Good made no appearance.  The petition alleged the making and delivery by the Mahoneys to the plaintiffs of three promissory notes, all of which matured before action brought, and a mortgage securing said notes.  It alleged that the plaintiffs had been partners under the name of Myers & Boone, and the notes were payable to "Myers & Boone" by that name.  The mortgage nowhere appears in the record.  The petition also alleged facts in support of a prayer for a receiver.

The Mercantile Trust Company filed an answer confessing the plaintiffs' petition, and a cross-petition alleging the making and delivery to the Western Farm Mortgage Company of a promissory note by Myers and wife and Josiah B. Boone and wife, who are elsewhere described as the plaintiffs, and the execution by the same persons of a mortgage on the property in controversy to secure the note.  The cross-petition, in addition to other averments necessary to a foreclosure, pleads a transfer of the note and mortgage

18

by the Western Farm Mortgage Company to the Mercantile Trust Company.

J. L. Browne filed a petition to be made a party defendant. No order making him such party appears, but he nevertheless filed an answer and cross-petition, alleging the making and delivery by Myers and wife and Josiah B. Boone and wife to the Western Farm Mortgage Company of another note and of a mortgage on the premises in controversy securing the same. He alleges that he has title to said note and mortgage through an assignment to him for the benefit of creditors, made by the Western Farm Mortgage Company. Elsewhere in the record the plaintiff Boone is named as Jacob Boone. This confused state of the pleadings in regard to the name of one of the plaintiffs is not material to a decision of the case, but is mentioned merely to illustrate the general condition of the record.

The record discloses that after the execution of the two mortgages to the Western Farm Mortgage Company the land was conveyed to Catherine Mahoney, and that the mortgage to the plaintiffs and the notes to secure which it was given were executed by Catherine and Jeremiah Mahoney. The petition charges that the Mahoneys conveyed to Beatty and Foster without consideration and for the sole purpose of enabling Beatty, Foster, and the Mahoneys to receive and retain the rents to the exclusion of plaintiffs.

Foster and Beatty filed an answer as follows:

"The defendants Foster and Beatty, each for himself answering the petition of plaintiffs and defendants' cross-petition, denies each and every allegation therein set out, except as to the execution of notes sued upon and mortgages, and of these, having no knowledge, they demand strict proof.

"And these defendants, as to the cross-petition, demur thereto on the ground that the facts stated in said petition do not constitute a cause of action."

The Mahoneys filed an answer as follows:

"Now come the said defendants Mahoney, and each for himself, as a separate answer to the petition of the plaintiffs, alleges that they each deny every allegation contained in said petition except such as are herein specifically admitted.

"2. And each of said defendants alleges that defendant Catherine Mahoney is and was at all the dates hereinafter set out and at all dates mentioned in petition of plaintiff a married woman, and she did not at any of the transactions mentioned contract with relation to her separate estate, and she did not take title to the property in controversy, for the purchase and holding thereof, but as the grantors thereof were well advised at the date of said deed, was taken in said Catherine Mahoney simply and solely as a matter of convenience in transferring the same.

"3. And said defendants allege that they, in good faith, for valuable consideration and without any fraudulent intention, transferred said real estate to present owners, and without any benefit or interest, of any nature whatsoever, to them or either of them.

"4. And for a defense and counter-claim against plaintiffs, defendants and each of them allege that plaintiffs failed and neglected to pay the interest upon said mortgage of plaintiffs to Western Farm Mortgage Company, and the taxes for the year 1892, and the second mortgage given by plaintiffs in the sum of $583.65, amounting in all to the sum of $825; that in the warranty deed made by plaintiffs to these answering defendants at date of the mortgage sued upon by plaintiffs said plaintiffs covenanted said premises to be free from said and all incumbrances except $4,000 mortgage, as will appear by Exhibit A to affidavits of Foster & Beatty on file herein, which is made a part of this answer, and is a true copy of the deed of conveyance by plaintiffs to Mahoney, and thereby by the breach thereof all the defendants hereto were damaged in the sum of $825, for which amount defendants pray an

accounting may be taken and had between them and the plaintiffs, and for judgment; and defendants allege further that by reason of all of said delinquencies the said holder of first mortgage was incited by plaintiffs to begin a foreclosure of their said mortgage before said mortgage was rightfully due, and has falsely and maliciously published in their pleadings herein, and in the affidavits filed to procure a receiver herein, that defendants and each of them is and was insolvent, which is false and untrue, and not warranted by the facts, and which had damaged these answering defendants in the sum of $2,000, for which amounts, together with a dismissal of plaintiffs' petition, these defendants pray.

"5. Defendants admit simply the execution of the instruments set out in plaintiffs' petition.

"And by way of defense to cross-petitions these defendants allege that the facts stated therein do not constitute a cause of action against either of these defendants."

On the 26th day of February, 1894, a decree was entered, which recites, however, that the case was heard and determined January 25. From this decree it would appear that the plaintiffs had demurred to the answer of the Mahoneys, because the decree opens with a recital that the case being heard upon such demurrer, the court " doth sustain such demurrer to the second and third, and part of the fourth, paragraphs of said answer." The decree then recites that the demurrers to the cross-petitions are overruled, and that the case being heard on the pleadings and evidence, the court found in favor of each of the mortgagees and awarded foreclosure, and that the hearing of the application for a receiver was by consent postponed until February 8; that on February 8 such application was heard, and at that date (about two weeks after final hearing on the merits, before any appeal was instituted or any application made for a stay) the court appointed a receiver to take charge of the property " during the pendency of

this action and until final determination and disposition thereof be made by the court." From this decree the Mahoneys, Beatty, and Foster appeal.

Recurring to the answer of Foster and Beatty it will be seen that they deny every allegation of the petition except the execution of the notes and mortgages. Among the allegations so denied are the averments that they claimed an interest in the property and that the premises were conveyed to them. They, therefore, show no interest in the action and their answer amounts to a disclaimer. No personal relief was awarded or sought against them. Without regard to the correctness of the proceedings they have shown no grounds for an appeal. With such an answer on file they have no right to complain of the decree which relates to the property alone. The Mahoneys are in the same position. Mrs. Mahoney in the second paragraph of the answer expressly disclaims any beneficial interest in the premises, and in the third paragraph both the Mahoneys aver that they conveyed the real estate "to present owners" for value and without any fraudulent intent. The last clause of this paragraph is somewhat ambiguous, but taken in connection with the rest evidently means that there was no benefit or interest reserved to the Mahoneys. No personal judgment was prayed for against the Mahoneys and the decree relates only to the property and establishes no personal liability against them. The Mahoneys, therefore, claiming no interest in the premises, cannot complain of the decree. For the foregoing reasons the judgment of the district court is

AFFIRMED.