EVERTON DOOM *et al.* v. HERBERT T. HOLMES.

**No. 187.** ( 60 Pac. 1096.)

REFORMATION OF MORTGAGE—*Incorrect Description—Subsequent Purchaser—Notice.* Where a mortgage upon real estate does not contain a correct description of any land, but the description therein contained is sufficient to indicate to any person familiar with such matters what was intended thereby, and the correct description is further indicated by a plat contained in the application for the loan secured by such mortgage, it is not error to decree a reformation of said mortgage and the foreclosure thereof, although the land was then owned by a subsequent purchaser.

Error from Decatur district court. A. C. T. GEIGER, judge. Opinion filed April 8, 1900. Affirmed.

*Tully Scott*, for plaintiffs in error.

*Bertram & Wilson*, for defendant in error.

The opinion of the court was delivered by

WELLS, J.: On March 15, 1888, Everton Doom made an application for a loan of $300 through the

Doom v. Holmes.

Oberlin Loan, Trust and Banking Company, said loan to be secured by mortgage upon ninety-one acres of land in section 30, township 3, range 26, in Decatur county. The application, which was in writing, contained a plat or diagram purporting to show location of roads, streams, buildings, cultivated lands, orchards, meadows, pastures, timber, etc. On the same day the loan was made, a note with interest coupons attached was executed, and attempted to be secured by a mortgage upon ninety-one acres, more or less, of land in the section above described. The description of the land in the mortgage was defective and did not correctly describe any land. After an attempted foreclosure of the mortgage and sale of the land thereunder was had, the defect in the mortgage was discovered, an amended petition was filed alleging the mistake, and a decree taken correcting the same and foreclosing the mortgage as amended. From this decree error is brought to the court of appeals.

The main question in the case is, Did the evidence justify the judgment? We think it did. The mortgage as recorded makes the mistake apparent and indicates the correct description, so that any person reasonably conversant with real-estate matters would readily see that an error existed, and the correct description could not reasonably be doubted. It was sufficient to put a purchaser in the possession of notice of the necessary result of any reasonable inquiry as to what land it was intended to cover, and this is still further indicated by the plat in the application. The fact that the plat was added to the record as an amendment does not make it any less a part thereof than if it had been originally embodied therein.

Under section 40 of the code (Gen. Stat. 1897, ch. 95, § 40; Gen. Stat. 1899, § 4284) as construed in

Doom v. Holmes.

*Werner v. Hatton*, 54 Kan. 250, 38 Pac. 279, it was not error to allow the case to be continued in the name of the original party, although his interest therein had been transferred to another after the commencement of the suit.

The judgment of the district court will be affirmed.