[L. A. No. 958. Department One.—November 19, 1900.]

## LOUIS SPADER, Respondent, v. THOMAS R. McNELL, Appellant.

PARTITION—PLEADING — LEGAL TITLE— TENANCY IN COMMON — RECORD OF LAND.—A complaint in partition alleging that the plaintiff and defendant are the owners as tenants in common of the land described, and that the whole land stands of record in the name of the defendant, but that plaintiff has an estate of inheritance therein, and is the owner of the undivided one-half thereof, and of the water stock appurtenant thereto, and that the defendant has a similar interest therein, must be construed as alleging legal and not equitable ownership in the plaintiff. The averment as to the condition of the record is consistent with plaintiff's legal ownership of an undivided half of the land by an unrecorded deed.

ID.—EQUITABLE TITLE MUST BE PLEADED — VARIANCE— OBJECTION TO PROOF.—An equitable title in the plaintiff in an action for partition must be specifically set forth in the complaint, and all the facts constituting the equity must be fully stated. If the complaint alleges legal ownership in the plaintiff, and evidence is offered to prove an equitable ownership only, there is an entire variance, which may be taken advantage of by objection that the proof is irrelevant.

APPEAL from an interlocutory judgment of the Superior Court of Ventura County.    B. T. Williams, Judge.

The facts are stated in the opinion.

Blackstock & Ewing, and Edward M. Selby, for Appellant.

E. S. Hall, and Orestes Orr, for Respondent.

SMITH, C.—Appeal from an interlocutory judgment in favor of the plaintiff for the partition of a tract of eighty acres of land referred to in the testimony and the briefs as the Jackson place. The case, briefly stated, is as follows:

It is in effect found by the court that the plaintiff is the equitable owner of an undivided half of the Jackson place, and of certain water stock appurtenant thereto, under a parol contract for a conveyance from the defendant to the plaintiff, and performance on the part of the latter. But the facts constituting the equitable title found are not alleged in the complaint; and it is claimed by the appellant that the demurrer to the complaint should have been sustained, and also that the court erred in admitting evidence of the facts found.

1. The first point, I think, cannot be sustained. The material allegations of the plaintiff are "that he and the defendant are the owners as tenants in common" of the Jackson place and other lands particularly described in the complaint; and "that the whole of the above-described real estate stands of record in the county recorder's office of the county of Ventura," etc., in the name of the defendant; but that "plaintiff has an estate of inheritance therein, and is the owner of an undivided one-half part or interest of the whole of said real property and said water stock appurtenant thereto, and that the defendant . . . . has a similar interest," etc.

The effect of these allegations is erroneously assumed by the appellant to be that the legal title to the land in question is in the defendant; and doubtless were this the case the complaint would, as he contends, be insufficient, for failure to set forth specifically the nature of the plaintiff's interest, and the facts constituting his equity. (Code Civ. Proc., sec. 753; *Miller v. Sharp,* 48 Cal. 394; Freeman on Cotenancy and Partition, 657.) But it is not alleged in the complaint that the legal title is in the defendant; but only that the land "stands of record in the county recorder's office, etc., in his name"; which is quite consistent with the plaintiff being the legal owner of an undivided half of it by unrecorded deed. The complaint must, therefore, be construed as alleging the legal ownership of an undivided

half of the land in the plaintiff, and a corresponding tenancy in common. The demurrer was, therefore, rightly overruled.

2. But there is an entire variance between the case alleged in the complaint and the evidence offered in support of it—all of which was objected to on the ground that it was irrelevant to any issue made in the case. The objection, therefore, should have been sustained.

The judgment and order appealed from should therefore be reversed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

Garoutte, J., Van Dyke, J., Harrison, J.