[Civ. Nos. 1460 and 1461.    Third Appellate District.—November 24, 1916.]

## MONO COUNTY IRRIGATION COMPANY (a Corporation), Respondent, v. STATE OF CALIFORNIA et al., Appellants.

EMINENT DOMAIN — CONDEMNATION OF UNSURVEYED SCHOOL LANDS WITHIN FEDERAL RESERVATION — ACTION AGAINST STATE — DISCLAIMER OF OWNERSHIP—RIGHT OF APPEAL FROM JUDGMENT.—In an action brought against the state of California to condemn for public use unsurveyed school lands included within the exterior boundaries of a national forest reservation, the state is not a party aggrieved, and has no right of appeal from a judgment condemning the land and awarding it compensation, where in its answer at the trial, on the appeal, and at all times it disclaimed any ownership in the lands and asserted that they belonged to the United States.

ID. — APPEAL — DISCLAIMER OF INTEREST IN JUDGMENT — PARTY NOT AGGRIEVED.—Where a party appeals from a judgment which apparently may affect him injuriously, and upon the hearing of the appeal he openly and emphatically declares that he is not interested in the subject matter of the litigation, he assumes an attitude from which it must be concluded that he is not and cannot be aggrieved by the judgment.

APPEAL from a judgment of the Superior Court of Mono County.    W. S. Wells, Judge presiding.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and John T. Nourse, Deputy Attorney-General, for Appellants.

W. O. Parker, and J. D. Murphy, for Respondent.

BURNETT, J.—These cases involve the same principle and may, therefore, be considered together. Each was an action brought in the superior court of Mono County for the purpose of condemning certain lands for reservoir purposes, and alleged to be owned by the state of California and situated within the boundaries of a United States forest reserve, to wit, the Mono forest reserve, in said Mono County. The lands were reserved and set apart as reserved forest lands by the act of Congress approved October 1, 1890 (26 U. S. Stats. at Large, p. 650, [7 Fed. Stats. Ann., p. 309, 5 U. S. Comp. Stats. (1916), sec. 5209]). The United States township plat of the survey of said section was approved by the United States surveyor-general on May 29, 1895.

In its brief, appellant states: "These lands were, therefore, *unsurveyed* lands at the time they were included within the reservation. They were thus lost to the state of California 'and the state had received indemnity in lieu of its loss.' . . . The lands sought to be condemned in this action being unsurveyed lands at the time of the creation of the forest reserve in 1890, the state of California at that time lost all interest in these lands."

In view of the foregoing affirmation, the inquiry naturally arises, Why is the state of California complaining of the judgment? Why should it be concerned over the condemnation of land to which, admittedly, it had and has no title, legal or equitable?

That there may be no mistake as to the attitude of appellant, we quote further from its brief: "Since October 1st, 1890, the state of California has not had the title, possession or right to possession of the lands sought to be condemned, but ever since said time the title to said lands has been vested in the United States of America, and the United States has also since said date had the possession and control of the lands sought to be condemned. . . . If the state has no title to the lands it should not accept the money awarded."

And in the closing brief the final declaration is as follows: "The result is, therefore, that the state of California did not

acquire any legal or equitable title in this section of land and was not a proper party to this action, but that the complete legal and equitable title is now and at all times has been in the United States. Such being the case the federal officers are fully authorized under the provisions of sections 2275 and 2276 of the Revised Statutes of the United States [6 Fed. Stats. Ann., pp. 462, 464, 5 U. S. Comp. Stats. (1916), secs. 4860, 4861] to exchange this section for other lands outside of the forest reserves."

Moreover, in the answer to the complaint, it is alleged: "That by reason of the facts hereinbefore set forth, the state of California is improperly joined as a party in said action and that the whole fee, estate and interest in the land described in paragraph IV of said complaint is in the United States of America and not in the state of California." Under this allegation, the court below could no doubt have dismissed the action as to appellant, but the cause proceeded to trial without objection. It is true, however, that while the trial was in progress appellant stated its position, concluding with the declaration: "The state has absolutely no title to the land whatever." The court then said: "What is the state's interest in it then, supposing it is condemned? It is only the interest in the state; you have no right to complain if it is in the United States, the condemnation would not be good for anything, to go and sell it if somebody else owned the property." The court, however, found that the state did own an interest in the land and decreed its condemnation, awarding the state therefor the sum of one thousand two hundred dollars. It was in view of this finding, and the fact that the briefs on the merits had not been filed, that a former motion to dismiss the appeal was denied. But how can there be any question now as to the proper course to pursue? Appellant continues to disclaim any interest in the property, and any interest in the judgment. Its rights cannot possibly be affected prejudicially by a judgment affecting the title to property in which appellant has no interest whatever. And it must be remembered that we must consider this appeal now upon the basis of appellant's claim and admission, and not upon the basis of the court's finding. In other words, where a party appeals from a judgment which apparently may affect him injuriously, and upon the hearing of the appeal he

openly and emphatically declares that he is not interested in the subject matter of the action, he assumes an attitude from which we must conclude that he is not and cannot be aggrieved by the judgment, and his contention thus set forth must be the guide for the appellate court's action as to the disposition of the appeal.

Apparently the only pretense for justification in prosecuting the appeal is for the protection of the interest of the United States. But no doubt that august power is fully able to protect its own interests in the matter and there is nothing to show that the state of California as trustee, guardian, or otherwise, is in a position to press the litigation on behalf of the United States.

Besides, what is manifestly true may be said that the United States, not being a party to the proceeding, is in no wise bound by the action nor is its interest in the land at all affected by the judgment. This was clearly seen by the learned trial judge, and while there is no statement made as to the ground upon which he based his judgment as to the state, it certainly seems very plain that appellant cannot claim that it is aggrieved by said judgment.

It is fair to assume that since appellant has no interest in the judgment, it will not accept the one thousand two hundred dollars that was awarded it. When plaintiff finds, indeed, that it would be virtually getting nothing for the money, it will hardly insist upon making the payment.

That our position may not appear arbitrary, we quote from certain cases involving a similar question.

In *People* v. *Wilson,* 26 Cal. 128, it was said that the appellant "is entitled to assign for error only such proceedings in the court below as injuriously affect him, without regard to errors of which others might complain."

In *Palmer* v. *Merrill,* 70 Iowa, 227, [30 N. W. 494], it was held: "Where in an action to foreclose a mechanic's lien, the complaint alleges a claim in one who is not the owner, and who is made a codefendant with the owner, and the owner makes default, while the codefendant makes a general denial, without alleging any interest in himself, the default of the owner establishes plaintiff's right to recover, as against him; and the codefendant's general denial, denying the allegation

in the complaint of his ownership, establishes his want of interest, and incapacity to appeal.''

In *Myers* v. *Mahoney*, 43 Neb. 208, [61 N. W. 580], it was held that in an action to foreclose a mortgage, persons who were made defendants cannot be heard to complain of the judgment affecting merely the land when by their pleadings they have disclaimed all interest therein.

In *Hinton* v. *Winsor*, 2 Wyo. 206, the appellant having filed in the court below a disclaimer was held to be estopped from asserting any interest in the supreme court and to have no standing therein to complain of the decree below.

In *Page* v. *Havens*, 9 Kan. App. 888, [60 Pac. 1096], it was held that ''where, on foreclosure, the defendant disclaims any interest in the mortgaged premises, he has no ground to complain of the judgment.''

In *Brigham City* v. *Toltec Ranch Co.*, 101 Fed. 85, [41 C. C. A. 222], the conclusion was reached that ''a defendant in an action in ejectment cannot maintain a writ of error to review a judgment therein awarding possession to the plaintiff, on the ground that the title is in a third person, where, by his answer, he disclaimed any interest in the property affected by such judgment, and has therefore no legal interest in the question he seeks to have reviewed.'' Therein are cited two cases from the United States supreme court, wherein the principle is lucidly set forth.

Thus, upon the admissions of appellant, for us to review the questions attempted to be presented by this appeal would be merely to consider a mere abstract proposition of law, the determination of which would be in no measure an adjudication of the rights of the real parties in interest. We may say, though, that the finding of the court as to the ownership of the state probably had its origin in the failure to observe the distinction between surveyed and unsurveyed school lands included within the exterior boundaries of a federal reservation. The difference is pointed out in *Hibberd* v. *Slack*, 84 Fed. 571, 574. However, that is beside the question here, as the situation is confessedly this: The United States is not affected by the judgment since it was not a party to the action. The state has no authority to represent it in the proceeding or to urge on appeal questions which affect only the rights or interest of the said United States. There is no personal judgment against the state and since it confessedly owns no in-

terest in the land, it is not an aggrieved party and therefore it is not entitled to an appeal.

The appeal in each of the said causes is dismissed.

Chipman, P. J., and Hart, J., concurred.