[L. A. No. 7427.  In Bank.—February 28, 1923.]

## SYLVIA E. RITZMAN, Respondent, v. J. W. RITZMAN, Appellant.

[1] PARTITION—PLEADING—INTEREST OF PARTIES—SECTION 758, CODE OF CIVIL PROCEDURE.—Section 758 of the Code of Civil Procedure, providing, among other things, that a defendant in an action for partition of real property must set forth his estate or interest in the property, is mandatory.

[2] ID.—FAILURE OF DEFENDANT TO CLAIM INTEREST—WHEN NOT AGGRIEVED.—In an action for partition of real property, wherein plaintiff alleges defendant and herself to be tenants in common of the property in certain proportions, the defendant, who, in the lower court, expressly disclaimed any interest in the land, but on appeal complains of the interest he was awarded by the decree, which awards no personal judgment or relief against him, is not aggrieved.

APPEAL from an interlocutory decree of the Superior Court of Imperial County in partition.  Albert Lee Stephens, Judge.  Affirmed.

The facts are stated in the opinion of the court.

C. L. Brown for Appellant.

H. E. Gleason and C. A. Stice for Respondent.

MYERS, J.—Defendant appeals from an interlocutory decree in partition, which adjudges that the plaintiff and defendant are tenants in common of the real property involved, and that the plaintiff is the owner of an undivided fifty-five one-hundredths thereof and the defendant the owner of an undivided forty-five one-hundredths thereof. The grounds alleged by defendant in support of his appeal have been variously stated, but, when analyzed, they all resolve themselves into the single contention that the evidence is insufficient to support the finding of the trial court to the effect that the plaintiff is the owner of an undivided fifty-five one-hundredths interest in the property. Respondent, in her answering brief discusses all of the contentions presented by appellant, and, in addition thereto, makes the

point that appellant is not entitled to the consideration by
this court of any of his contentions, for the reason that he is
not a party aggrieved by the judgment appealed from. [1]
Section 758 of the Code of Civil Procedure provides, among
other things, that a defendant in an action for partition of
real property "must set forth his estate or interest in the
property." A consideration of the legislative history of
this section, from its enactment as section 270 of the Prac-
tice Act to and including the amendment of 1907, together
with the code commissioner's note in connection therewith,
leads to the conclusion that this code requirement was in-
tended by the legislature to be mandatory. This conclusion
is supported by the decision in *Miller* v. *Sharp,* 48 Cal. 394,
so holding, in effect, with respect to the corresponding pro-
vision in section 753 of the Code of Civil Procedure, which
provided: "The interests of all persons in the property,
whether such persons be known or unknown, must be set
forth in the complaint . . . as far as known to the plaintiff
. . . " The court there said: "The statute concerning par-
tition (sec. 759) provides that the rights of the several
parties, plaintiff as well as defendants, may be put in issue,
tried and determined, but it does not provide that rights
such as these may be tried or determined without being put
in issue." The plaintiff in her complaint herein alleged
that she and the defendant were owners, as tenants in com-
mon, of the described land, and that she was the owner of
an undivided four-sevenths interest therein and the de-
fendant owner of an undivided three-sevenths interest
therein. The defendant, in his amended answer, not only
failed to set forth his estate or interest in the property, but
affirmatively alleged, in effect, that he had no estate or
interest therein. That this was not due to oversight or
inadvertence appears from the circumstance that by his
original answer he claimed ownership in himself of the whole
interest in the land in question, a claim which he expressly
repudiated by his amended answer. [2] We are thus con-
fronted with the situation of an appellant who, in the court
below, expressly disclaimed any interest in the land, and
now complains to this court because he was awarded only a
forty-five one-hundredths interest therein. The decree ap-
pealed from relates to the property only, and awards no
personal judgment or relief of any kind as against the de-

fendant personally. Under these circumstances we are unable to conceive of any process of reasoning by which the defendant can justly claim to have been aggrieved thereby.

We find no authority in this state expressly in point upon this situation, but in *Flannigan* v. *Towle*, 8 Cal. App. 229 [96 Pac. 507], a suit to quiet title, wherein several tax deeds were under attack by plaintiffs, and plaintiffs admitted at the trial that they could show no title to the land described in any of these deeds except one, it was held that they were not aggrieved parties so far as the judgment related to the other tracts. (See, also, *Mono County Irr. Co.* v. *State*, 32 Cal. App. 184 [167 Pac. 199]; 2 Cal. Juris. 212, 217, secs. 54–57; *Estate of Piper*, 147 Cal. 606 [82 Pac. 246]; *Blythe* v. *Ayres*, 102 Cal. 254 [36 Pac. 522]; *Myers* v. *Mahoney*, 43 Neb. 208 [61 N. W. 580]; *Palmer* v. *Merrill*, 70 Iowa, 227 [30 N. W. 494]; *Hinton* v. *Winsor*, 2 Wyo. 206; 3 C. J. 628.)

Appellant has suggested no answer to the point thus raised by respondent, and, finding none ourselves, we are constrained to the conclusion that it is well taken.

The judgment is affirmed.

Lawlor, J., Lennon, J., Wilbur, C. J., Kerrigan, J., Seawell, J., and Waste, J., concurred.