ALBRIGHT et al. v. OYSTER et al.

(Circuit Court of Appeals, Eighth Circuit. March 2, 1894.)

No. 355.

APPEAL—RIGHT TO APPEAL—ESTOPPEL.

Parties who, pursuant to the provisions of a decree, demand and receive a conveyance of lands from a trustee, are thereby estopped from appealing from the decree; for they cannot accept its benefits, and at the same time have a review in respect to its burdens.

Appeal from the Circuit Court of the United States for the Eastern District of Missouri.

Edward P. Johnson, for appellants.

David P. Dyer and F. S. Schofield, for appellees.

Before CALDWELL and SANBORN, Circuit Judges.

PER CURIAM. This is an application for a rehearing of a motion to dismiss the appeal in this case. That motion was granted early in this term. The decree from which this appeal was taken, which was rendered April 15, 1893, provided, among other things, that one Lloyd D. Mitchell, a trustee, that had been appointed in the place of George Oyster, deceased, should convey to the appellants a large quantity of lands, the title to which was originally involved in this suit. May 22, 1893, on the demand of the appellants, this trustee conveyed these lands to them, pursuant to the decree, and the appellants accepted the deed, and afterwards placed it on record. The next day after they obtained this deed under the decree, they took their appeal from that decree to this court. No rule is better settled than that a litigant who accepts the benefits or any substantial part of the benefits of a judgment or decree is thereby estopped from reviewing and escaping from its burdens. He cannot avail himself of its advantages, and then question its disadvantages in a higher court. It is said that the right of the appellants to the conveyance of the lands they obtained was no longer in controversy, but that the title to them had been finally decreed to the appellants. But this does not relieve the appellants from the estoppel. It was by the direction of this decree from which they now appeal that the deed to these lands was made by the trustee and received by them. They could not take the title to these lands from the trustee by virtue of the decree, even if that title was no longer in dispute, and then appeal from the decree, and contest the provisions of it that were onerous to them. We are of the opinion that the acceptance of this deed under the decree estopped the appellants from exercising any right of appeal they otherwise might have exercised. It was the receipt of a substantial benefit that they could not have obtained without the decree, and they ought not to be permitted to review the provisions of it with which they are not satisfied, after taking the benefit of those they approve. The motion for a rehearing is denied.