BRIGHAM CITY v. TOLTEC RANCH CO.

(Circuit Court of Appeals, Eighth Circuit. March 21, 1900.)

No. 1,302.

APPEAL—RIGHT TO REVIEW—PARTY HAVING NO LEGAL INTEREST.

A defendant in an action in ejectment cannot maintain a writ of error to review a judgment therein awarding possession to the plaintiff, on the ground that the title is in a third person, where, by his answer, he disclaimed any interest in the property affected by such judgment, and has therefore no legal interest in the question he seeks to have reviewed.

In Error to the Circuit Court of the United States for the District of Utah.

The Toltec Ranch Company, the defendant in error, brought an action of ejectment against Brigham City, the plaintiff in error, to recover the possession

of a quarter section of land. The city answered "that it did not claim or pretend to have, nor does it now claim, any right, title, or interest of, in, or to the estate and premises described in the complaint," except the parcel thereof covered by the reservoir, and pipes leading thereto and therefrom, embracing "in all about $15/100$ of an acre," which was described by metes and bounds. The answer concluded with this disclaimer: "And this defendant does disclaim all right, title, and interest to the said lands in the said complaint mentioned, and every part thereof, excepting the aforesaid $15/100$ of an acre covered by the Brigham City reservoir, and the pipes leading to and from said reservoir." With its answer the defendant city filed what it termed a "cross complaint," in which it set out, in substance, that the city had erected a water reservoir on the $15/100$ of an acre, which reservoir was used for supplying the city and its inhabitants with water, and prayed that that parcel of the quarter section be condemned to the use of the city for that public use; and thereupon proceedings were had accordingly for that purpose,—presumably under some statute of the state authorizing them,—which resulted in the condemnation, to the use of the city for a site for its water reservoir and pipes, of the $15/100$ of an acre, as prayed for in the city's cross complaint. The jury assessed the value of the $15/100$ of an acre at $1, and, the city having paid into court the $1 assessed as damages and the cost of the condemnation proceedings, the court rendered this judgment of condemnation: "Now, therefore, it is considered, ordered, and adjudged by the court that the hereinafter described property be, and the same is hereby, condemned to the use of said defendant for the purpose of a reservoir and pipe line; and that of the said property so sought to be condemned the fee-simple title of the following land for a reservoir site, to wit [here follows a description of the $15/100$ of an acre], be, and the same is hereby, devested of and from the said plaintiff, the Toltec Ranch Company, and forever vested in said defendant, Brigham City, for the uses and purposes aforesaid." In the main action judgment was rendered for the plaintiff for the quarter section of land, less the $15/100$ of an acre condemned to the use of the city for its water reservoir. There is in the record a stipulation of facts relating to the title of the quarter section, and which was intended to raise the question of law whether upon this agreed statement of facts the Central Pacific Railroad Company acquired title to this quarter section of land under the act of congress granting lands to that company to aid in the construction of its road, or whether the land still belongs to the United States. The railroad company conveyed the land to the plaintiff. The lower court, upon the stipulated facts, decided the title to the land was in the plaintiff as the grantee of the railroad company, and rendered judgment accordingly, and thereupon the city sued out this writ of error. The proceedings to condemn to the city's use for the purposes of a reservoir the $15/100$ of an acre were taken upon the petition of the city, and for its benefit, and it paid the damages assessed, and the costs of the proceedings, and is not here complaining of those proceedings, and assigns no error upon them. The sole error assigned and counted upon is that the court erred in refusing to instruct the jury as matter of law that the land in dispute was public land of the United States.

B. H. Jones, for plaintiff in error.

Lindsay R. Rogers and John M. Zane, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and ROGERS, District Judge.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

There were in the end two distinct suits in the court below,—one, the original action of ejectment brought by the Toltec Ranch Company against Brigham City to recover the possession of 160 acres of land; and the other an action brought by Brigham City, by a cross complaint, against the Toltec Ranch Company, to condemn to the use of the city for a public use $15/100$ of an acre of the 160 acres.

The suit on the cross complaint filed by Brigham City for the condemnation of the $^{15}/_{100}$ of an acre was proceeded with, and resulted in the condemnation of the $^{15}/_{100}$ of an acre to the use of the city, as prayed for in its cross complaint. The damages for the land so condemned were assessed at the nominal sum of one dollar. This sum, together with the cost of that proceeding, the city paid. Neither party excepted to any action taken in the condemnation proceedings, nor has either party appealed from the judgment in that suit, so that the condemnation proceedings and judgment rendered therein are final and conclusive upon both parties. When the city, by its cross complaint, acquired all the land it asked for, and expressly disclaimed ownership of the remainder, it ceased to have any interest in the controversy, and, having no interest in the subject-matter in dispute, it cannot prosecute this writ of error. It is a fundamental principle that no one can prosecute a suit who has no interest, either individually or in a representative capacity, in the subject-matter in dispute. Those only can appeal whose interests are affected by the judgment or decree appealed from. Idley v. Bowen, 11 Wend. 227; Elliott, App. Proc. § 150 et seq.; McGregor v. Pearson, 51 Wis. 122, 8 N. W. 118; Cuyler v. Moreland, 6 Paige, 273.

There are many decisions of the supreme court of the United States illustrating the operation of this rule. We cite two of them: Where a shareholder in a national bank, who owed no debts to be deducted from the assessed valuation of his shares, sought to attack the constitutional validity of the state statute, because it made no provision for deducting such debts, the supreme court said:

"What is there to render it void as to a shareholder in a national bank, who owes no debts which he can deduct from the assessed value of his shares? The denial of this right does not affect him. He pays the same amount of tax that he would if the law gave him the right of deduction. He would be in no better condition if the law expressly authorized him to make the deduction. What legal interest has he in a question which only affects others? Why should he invoke the protection of the act of congress in a case where he has no rights to protect? Is a court to sit and decide abstract questions of law in which the parties before it show no interest, and which, if decided either way, affect no right of theirs?" Supervisors v. Stanley, 105 U. S. 305, 311, 26 L. Ed. 1044.

Another—a recent—case in that court (Clark v. Kansas City [opinion handed down Jan. 15, 1900] 20 Sup. Ct. 284, Adv. S. U. S. 284, 44 L. Ed. ——) also illustrates the rule. In that case the validity of a state statute was assailed because it discriminated, as was alleged, between the owners of agricultural lands by excepting such lands from its operation when owned by individuals, and including them within its operation when owned by corporations. The corporation which assailed the constitutionality of the act owned no agricultural lands to be affected by it, and the court said:

"Of the discrimination between owners of agricultural lands, the supreme court of Kansas said the defendants in error (plaintiffs here) cannot be heard to complain. Their lands are not agricultural lands; at least, they do not allege them to be such lands, but, on the contrary, allege that parts of them are used for railroad purposes, and that the remaining portions are vacant and unoccupied lands, held and possessed for railroad purposes. Owning no agricultural land, the defendants in error are not affected by the discrimination which the statute makes between the different classes of owners of such kind

of land, and they cannot, therefore, be heard to complain on that score. A court will not listen to an objection made to the constitutionality of an act by a party whose rights it does not affect, and who has therefore no interest in defeating it.' Cooley, Const. Lim. (6th Ed.) 196; Supervisors v. Stanley, 105 U. S. 305, 26 L. Ed. 1044. We concur in this view, and it would be difficult to add anything to its expression."

When the defendant in an action of ejectment disclaims having any right or title to the land or to its possession, and judgment is thereupon rendered for the plaintiff, the defendant will not be permitted to carry on the litigation for the purpose of showing that some third person, not a party to the suit, has a better title than the plaintiff. The defendant in such case stands in no better position than any other stranger to the controversy. And manifestly, if one should apply to the court to be admitted as a defendant in such an action, stating in his application that he had himself no interest whatever in the land, but that he desired the court to determine for his own and others' satisfaction the relative merits of the plaintiff's title and the title of some third person, not a party to the suit, his application would be denied. If a court should take jurisdiction in such a case, and render judgment, the absent party would not be bound thereby. If this court should assume jurisdiction of this case, and undertake to determine whether the Toltec Ranch Company or the United States was the owner of the land in controversy, the United States would not be bound by its judgment, because it is not a party to the suit.

In the brief of counsel for the plaintiff in error it is said: "The plaintiff in error claims that the land in dispute is, and was at all times in complaint mentioned, public land of the United States;" and "the court erred in its refusing to instruct the jury, as a matter of law, that the land in dispute was public land of the United States." It will thus be seen that the plaintiff in error makes no pretense of claiming any right, title, or interest in the land, but simply invites the court to determine whether the land belongs to the plaintiff below or to the United States, for what reason is not disclosed. But courts are created for the purpose of deciding real controversies between parties having, or claiming to have, adverse interests in the subject-matter in suit, and not for the purpose of determining speculative, abstract, or theoretical questions merely to gratify the curiosity of one having no legal right or interest to be affected by the decision. The writ of error is dismissed.

SANBORN, Circuit Judge. I concur in the result in this case, because the record discloses the following facts: To a complaint for the recovery of the possession of 160 acres of land, Brigham City answered that the plaintiff had no title to it; that the city was in possession of only about $^{15}/_{100}$ of an acre of it; that its reservoir for water and pipes were situated upon this small tract, that it claimed no right or title to any other portion of the quarter section, but that it was a municipal corporation; that it was using the reservoir and pipes for the purpose of storing and conveying water to its inhabitants; and it prayed that, if the Toltec Ranch Company was the owner of the land upon which the resorvoir and pipes stood, this land

might be condemned for its use. The latter portion of the answer, in which the city sought the condemnation of this small tract of land, was the only cross complaint in the case. Upon the complaint in ejectment and upon this answer the case was tried to a jury, which found that the damage for the condemnation of the $^{15}/_{100}$ of an acre for the use of the city was one dollar. Thereupon, upon the pleadings which have been recited and this verdict of the jury, the court rendered a judgment on January 9, 1899, that the Toltec Ranch Company was entitled to and should recover from Brigham City the possession of the entire 160 acres and $107.50 costs. If the city had stopped here, and sued out its writ of error to reverse this judgment, it would undoubtedly have been entitled to a hearing and decision upon the questions presented by the alleged errors in the trial of this case. It did not do so. After this judgment was rendered, it paid the $107.50 costs adjudged against it, and the $1 damages assessed by the jury for the taking of the $^{15}/_{100}$ of an acre upon which its reservoir and pipes were situated, and then, by its own motion, caused the court to enter on February 20, 1899, a judgment of condemnation of this tract for its use upon the very verdict upon which the prior judgment of January 9, 1899, was based. The city's application for the judgment of condemnation under this verdict was necessarily a concession that the title to the land condemned was in the ranch company, because it was upon that theory alone that such a judgment could be lawfully rendered in this case. The result is that the city has of its own motion accepted and received the benefits of the trial, verdict, and judgments in this case, and has thereby secured and paid for all the rights it ever claimed in the premises, so that it cannot now be heard to attack any of the proceedings in the case.

When the verdict had been rendered, and the court had entered judgment against it for the possession of the entire 160 acres, the city had the option to refrain from conceding the validity of that adjudication, from paying the costs under it and the dollar assessed by the verdict as damages for the taking of the small tract which it sought to hold, and to sue out a writ of error to reverse that judgment, or to concede its correctness, take advantage of the verdict, pay the costs and damages, and procure the right to the property it sought by condemnation under the verdict. It chose the latter alternative. It took the benefit of the condemnation offered to it by the verdict of the jury and the judgment of the court, and it is now too late for it to escape from the conclusions reached, or the burdens imposed thereby. One who accepts the benefits of a verdict, decree, or judgment is thereby estopped from reviewing it or from escaping from its burdens. Albright v. Oyster, 19 U. S. App. 651, 9 C. C. A. 173, 60 Fed. 644; Chase v. Driver, 34 C. C. A. 668, 674, 92 Fed. 780, 786.