Newell v. Newell.

---

CARRIE NEWELL, APPELLEE, V. ANDRUS J. NEWELL, APPELLANT.

FILED MARCH 16, 1911. No. 16,352.

1. **Appearance: JURISDICTION.** A general appearance in a cause by a defendant confers jurisdiction over him in the action where the appearance is made, without reference to whether jurisdiction was obtained by process or not.

2. **Trial: STRIKING ANSWER: JURISDICTION.** The striking of defendant's answer to the merits from the files of the cause does not oust the court of jurisdiction over him.

3. **Judgment: VALIDITY: STRIKING ANSWER.** While the striking of an answer from the files in a suit for divorce and alimony, because of the failure of a defendant to pay required alimony and suit money, is erroneous and would be reversed on appeal after judgment, the decree is not void. The law prescribes a method for the correction of such errors, and its provisions should be followed if a review is desired.

4. **Divorce: DECREE: REVIEW.** Where a decree, even if erroneous, is rendered granting both a divorce and alimony to the wife, the husband will not be permitted to assail and strike out the provision for alimony alone, leaving that part of the decree for divorce stand. His remedy is by appeal from the final decree.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Dismissed.*

*Shotwell & Shotwell,* for appellant.

Reese, C. J.

This was an action for divorce and alimony. Defendant appeared generally, first, by application for extension of time in which to answer, and, second, by filing an answer to the merits. Upon application by plaintiff, defendant was ordered to pay certain sums of money for temporary alimony, suit money and attorney's fees. This he failed to do, and, upon motion, the court ordered his answer to be stricken from the files. That order was erroneous. *McNamara v. McNamara,* 86 Neb. 631. No exception was taken to the decision, and no appeal was taken from the final decree of divorce and alimony, which was subsequently rendered. The cause was tried, and on January 17, 1908, the court filed a memorandum of the decree granting the divorce and ordering the payment of $1,000 alimony. On the 14th day of January, 1909, defendant filed his motion "to strike and dismiss and vacate from the decree * * * the judgment for permanent alimony," for the reasons that (1) service was had upon defendant by publication; (2) no personal service of summons was had upon defendant; (3) defendant was not permitted to be heard in defense of such judgment; (4) the judgment for permanent alimony was rendered without giving defendant the right and opportunity to be heard in defense; (5) defendant's answer being arbitrarily and without just cause stricken from the files, his personal appearance was stricken from the record with it; (6) defendant's attorney having withdrawn from the case, there was no appearance in his behalf; (7) the decree for permanent alimony is void and rendered against defendant without due process of law. This motion was not presented to the court until the 3d day of March, 1909, when it was overruled, to which defendant excepted, and brings that ruling to this court by appeal. No brief, argument or other appearance is made by plaintiff in this court, and the cause is submitted upon the brief of defendant, the appellant.

It is contended by defendant that the striking of his answer from the files divested the court of all jurisdiction over him, and that its future decree is void for want of such jurisdiction. This contention is based largely upon the alleged fact that jurisdiction was obtained by publication. We need not inquire here whether the jurisdiction was obtained in the first instance by publication or personal service, as the general appearance made perfect that jurisdiction, without reference to the service, or, indeed, if any service was had. As we have seen, the order striking the answer from the files was erroneous, and the decree could have been reviewed and the error corrected by appeal. So far as is shown by the record then made, that action of the court was entirely satisfactory to defendant. By failing to appeal he lost his right to have that order reviewed. The motion to strike out a part only of a decree, leaving the divorce stand, cannot be treated as a motion for a new trial, for that seems not to have been desired. The appeal from the overruling of the motion cannot have the effect of bringing up the whole case for review. The law provides a method for the correction of errors, and the proceeding here adopted does not comply with any of its provisions.

The order of the district court overruling defendant's motion cannot be reviewed, and the appeal is dismissed at defendant's costs.

DISMISSED.

LETTON, J., not sitting.