BANKERS FINANCING COMPANY, A CORPORATION, *Appellant*, vs. H. P. DYE AND HIS WIFE, KATHERINE DYE, *Appellees*.

Division A.

Opinion Filed June 13, 1924.

1. Where the findings of fact by the Chancellor and his decree thereon appear to be clearly erroneous the decree will be reversed.

An appeal from the Circuit Court for Palm Beach County; E. C. Davis, Judge.

Decree reversed.

*Blackwell, Donnell & McCracken,* for Appellant;

*M. D. Carmichael,* for Appellees.

ELLIS, J.—The appellee, H. P. Dye, obtained a loan from the Bankers Financing Company in January, 1920, of eight thousand dollars. The debt was evidenced by four notes dated January 7, 1920, in the sum of two thousand dollars each, payable six months after date with interest after date at the rate of eight per cent, per annum until paid. They were secured by a mortgage on certain lots in West Palm Beach.

The bill to enforce the lien was filed March 30, 1921. The bill alleged that the notes were not paid at maturity and because of such failure the complainant was entitled to a foreclosure of the mortgage.

A demurrer to the bill seems not to have been disposed of and in July, 1921, the defendant answered admitting the indebtedness but averring that in November, 1920, he paid the bank three hundred and twenty dollars, which was six months' interest on the four notes and covered the period beginning January 7, 1921, and ending July 7, 1921. That by reason of the acceptance by the bank of the payment it extended the time for payment of the notes to July 7, 1921. The defendant paid into the registry of the court the sum of eight thousand and twenty-six dollars and sixty-seven cents, which he claimed to be the amount due to the complainant to the date of the answer, July 22, 1921. By stipulation between the parties it was agreed that the money should be received by the complainant but not "in toto of

complainant's claim unless it is by a finding and determination by this court and court of last resort that there is no more due on complainant's claim than said amount in which case said sum shall be payment in toto."

The only issue in this case was whether the first six months' interest on the four notes was deducted at the date of the loan or whether it was paid by the defendant in June, 1920. If it was deducted at the date of the loan then the Chancellor's finding and decree, which were in favor of the defendant, were correct. If the interest was not deducted at the date of the loan, then the Chancellor's decree was erroneous.

The defendant made two payments of interest, each payment in the sum of three hundred and twenty dollars and each by check on the First National Bank of West Palm Beach. The first check was dated June 23, 1920, fourteen days before the maturity of the notes. The second check was dated November 27, 1920, or about one month and ten days before the expiration of what would have been a six months' extension, but four months and twenty days after the due date of the notes according to their face.

The notes were payable six months after date with interest "after date" at the rate stated in each note. According to the written promise there was due upon each note at maturity the sum of eighty dollars interest, or three hundred and twenty dollars interest upon the four notes. According to the testimony offered in behalf of the bank that sum was paid by the check dated June 23, 1920. The defendant says that the first six months' interest was deducted at the time of the execution of the notes and the check was in payment of the next six months' interest, and the second check was in payment of the second extension.

We are of the opinion that the defendant failed to sus-

tain his defense and that the findings and decree of the Chancellor were erroneous.

The decree is therefore reversed with directions to enter a decree for interest on the principal sum from January 7, 1921, and attorney's fees in accordance with the provisions of the notes and mortgage.

So ordered.

TAYLOR, C. J., AND BROWNE, J., Concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., Concur in the opinion.