## ORIOLE PHONOGRAPH CO. et al. v. KANSAS CITY FABRIC PRODUCTS CO. et al.*

Circuit Court of Appeals, Eighth Circuit.
August 29, 1929.

No. 8574.

*Rehearing denied November 7, 1929.

Thomas Hackney, of Kansas City, Mo. (John Kramer, Hackney & Welch, and Edwards, Kramer & Edwards, all of Kansas City, Mo., on the brief), for appellants.

Harry I. Schwimmer, of Kansas City, Mo. (Milford Rider, Fred Bredehoft, and Manard & Schwimmer, all of Kansas City, Mo., on the brief), for appellees.

Before STONE, BOOTH, and GARDNER, Circuit Judges.

GARDNER, Circuit Judge. This is an appeal from a judgment and order entered on the 23d day of October, 1928, confirming a composition with creditors of the A. J. Stephens Company, a Missouri corporation.

On January 4, 1928, an involuntary petition in bankruptcy was filed against the A. J. Stephens Company by certain of its creditors. On March 3, 1928, the bankrupt filed its offer of composition. The referee in bankruptcy made report that 169 creditors, having unsecured claims filed and allowed in the sum of $82,087.24, had filed written acceptance of and had voted to accept the offer of composition; that 27 creditors having unsecured claims, filed and allowed in the sum of $44,423.71, did not accept; and that the offer of composition had been accepted in writing by a majority of all creditors whose claims had been allowed, which number represented a majority in amount also of such claims.

The appellants filed objections to the report; whereupon the matter was referred to the referee, who is designated as referee and special master for examination. The appellants, as well as other creditors, appeared at and participated in the hearing before the referee, and in due time the referee made report and findings, finding, among other things, that a substantial financial plan and arrangement had been arranged and was available for the performance of every provision of the offer of composition upon the formation thereof, and that the directors and officers of the company had a definite plan of operating, financing, and refinancing the corporation and for the carrying out of all of the terms of the composition, and that thereby adequate capital for that purpose had been provided for with which to carry out the provisions made in the composition, and to secure the deferred payments as provided therein; that under the offer of composition the estate would pay a larger dividend than could be realized under the administration of the officers of the United States District

Court in the usual and ordinary method provided by the Bankruptcy Act (11 USCA). The referee concluded and reported that in his opinion the objecting creditors had failed to sustain any of their objections and that they should be overruled, and that the offer of composition was for the benefit of creditors and that it should be confirmed.

The six creditors appearing as appellants herein filed exceptions and objections to this report and findings, which on hearing were overruled. The findings of fact and conclusions of law made by the referee and special master were adopted and the composition confirmed.

In the view we take of the matter, the specific terms and provisions of the composition are not material. On this appeal, appellants seek to review the evidence upon specification of errors, challenging the sufficiency of the evidence to sustain the findings and the order and judgment confirming the composition. The record, however, contains no authenticated or approved statement of the evidence. There appears printed in the record, as a part of the transcript, what is designated as "Abstract of Record." This, however, was not approved nor certified by the court or judge, and has no place in this record. The printed record also contains what purports to be a "Statement of the Evidence under Equity Rule No. 75"; but this, likewise, is without approval, authentication, or certification by the court or trial judge, and has no place in this record. The printed record also contains what purports to be an "Amendment to Statement of the Evidence"; but this, too, is without approval, authentication, or certification by the court or judge, and has no place in this record.

In the condition of the record, this court has no way of determining what evidence was before the lower court, and hence must indulge the presumption that the court's findings were supported by the evidence. Carson v. Hurt (C. C. A.) 250 F. 30; Buessel v. U. S. (C. C. A.) 258 F. 811; Equity Rule 75 (see 28 USCA § 723).

The order and judgment appealed from are sustained by the findings, and the findings are presumed, in the absence of an approved statement of the evidence, to have been sustained by the evidence.

It appears from the findings that the appellants have participated in the composition, which was confirmed by the court, and have received and retained the consideration distributed to them. Under the terms of the composition this consists of a payment of 10 per cent. of the amount of their claims, in cash, and of certain notes and stock. It was admitted on oral argument that checks covering the cash payments had been received by the appellants and were still retained by them, as were also the notes and certificates of stock. It cannot be said that these considerations or payments were due appellants in any event, as was the case in Armstrong v. Lone Star Engine Co. (C. C. A.) 20 F.(2d) 625, but they were benefits accepted under the composition confirmed by the order and judgment from which appellants now seek to prosecute this appeal. Having retained these payments, under the terms of the composition and judgment, the appellants are estopped to question its validity. Albright v. Oyster (C. C. A.) 60 F. 644; Chase v. Driver (C. C. A.) 92 F. 780; Spencer v. Babylon Co. (C. C. A.) 250 F. 24.

As said by this court in Albright v. Oyster, supra: "No rule is better settled than that a litigant who accepts the benefits or any substantial part of the benefits or a judgment or decree is thereby estopped from reviewing and escaping from its burdens. He cannot avail himself of its advantages and then question its disadvantages in a higher court."

It follows that the judgment and order appealed from must be, and is, affirmed.